ALBANY,
Jan. 1814.

SHERMAN
v.
CROSBY.

Where S. authorized C. to settle a certain suit brought by B. against S., and to adjust all the matters and pay all dues and costs; a receipt signed by B. stating that he had received of S., by the hands of C., 411 dollars, &c in full of the judgment and execution in the cause, &c. it was held to be *prima facie* evidence of a payment of so much money by C., so as to authorize him to set it off against a demand of S, unless he could show some fraud or abuse of authority by C.

Though the *separate* debt of one defendant cannot be *set off* against the *joint* debt of both defendants, yet if the objection is not made by the plaintiff, at the trial, he can not afterwards avail himself of it, on a motion to set aside the verdict.

## SHERMAN *against* T. AND H. CROSBY.

THIS was an action of *assumpsit* on a promissory note, for 600 dollars, payable to the plaintiff, or order, on demand, with interest. The defendants pleaded *non assumpsit*, with notice of a set-off. The cause was tried at the *Broome* circuit, in *May*, 1813, before Mr. Justice *Spencer*.

In support of their set-off, the defendants gave in evidence a written authority from the plaintiff, dated *November* 17, 1810, by which he authorized *Thomas Crosby*, one of the defendants, to settle a suit then depending between the plaintiff and *John Bennet*, in the supreme court, *Samuel Sherwood*, attorney, and "to adjust all the matters and pay all the dues and costs," and agreeing "to account with *T. Crosby* for all lawful demands on that subject that he should settle."

The defendant then offered in evidence the following receipt, admitted to be in the handwriting of *Sherwood*, and proved to have been signed by *John Bennet*, jun. "Supreme court, *John Bennet*, jun. v. *George Sherman*. Received of the defendant in this cause, by the hands of *Thomas Crosby*, Esq. 411 dollars and 33 cents in full of the judgment and execution in this cause, excepting the sheriff's fees on the execution now in the hands of the sheriff of *Broome* county, *January* 17, 1811."

The plaintiff's counsel objected to this receipt, as being no evidence of a payment of the amount by the defendants, but that such payment by them ought to be shown by the testimony of some witness; and that at any rate, it was not sufficient evidence that the amount was actually due *Bennet*. The judge overruled the objection, and stated the receipt to be *prima facie* evidence, sufficient to entitle the defendants to set off the amount against the plaintiff. The plaintiff then submitted to a nonsuit, with leave to move the court to set it aside and grant a new trial.

On the motion to set aside the nonsuit, the following points were made on the part of the plaintiff, and the case submitted to the court without argument: 1. That the receipt of *Bennet*, who was not a party in this suit, was not evidence, but he ought to have been produced as a witness.

2

2. It ought not to have been admitted without proving that amount actually due to *Bennet* from the plaintiff.

3. The defendants could not avail themselves of a payment by one of them, as a *set-off* against a joint debt of both defendants.

*Per Curiam.* The only question made at the trial was, whether the receipt was competent evidence of the payment by *T. Crosby.* It was proved to have been signed by *Bennet*, and as the plaintiff had instructed the defendant, *T. Crosby*, to settle the suit of *Bennet* against the plaintiff, and pay the demand and costs for him, the receipt of *Bennet* was *prima facie* evidence of the demand and payment, and it was not requisite for the defendant to make out, in the first instance, the legality of *Bennet's* demand, or higher evidence of the payment. The plaintiff had given the defendant a discretion to *adjust* the demand, and to pay the *dues and costs*, and the adjustment and payment of the sum demanded was sufficient for the defendant; and it lay with the plaintiff to show some fraud in the adjustment, or some abuse of the discretion. There was no other point raised at the trial, or arising on the case, for it is too late for the plaintiff now to object to the set-off, on the ground that it was setting off the *separate* debt of one of the defendants against the *joint* debt of both the defendants. That objection might have been good, if made at the trial. (*Montagu on Set-Off*, p. 23. *Buller*, J. in *Fletcher* v. *Dyche*, 2 *Term Rep.* 32.) It is now inadmissible, as the defendants are thereby deprived of the privilege of showing that the payment by *T. Crosby* was in fact made by him and his co-defendant, as partners, and out of the partnership funds.

The motion to set aside the nonsuit is denied.

Rule refused.