GIVEN *versus* GOULD.

In actions between the principal and his agent, *receipts* taken by the latter for the payment of money to third persons on account of his principal, are admissible in evidence to support an account in set-off for such disbursements, without *proof* of their actual payment.

On EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.
ASSUMPSIT for money had and received.

The plaintiff by an agreement in writing, engaged defendant to cut ship timber, at a certain price per day, and agreed to pay the wages and board of the men he should employ, and the stumpage and hauling of the timber.

By the receipts of defendant he appeared to have received $370.

An account was filed in set-off of various items of payment for wages, board and services.

The defendant offered the receipts of the various persons to whom payments were alleged in his specifications to have been made, and a portion of such receipts were proved to have been paid by the signers. But the whole were admitted against the plaintiff's objections.

The jury found, that plaintiff was indebted to the defendant and the former excepted to the rulings.

*Merrill,* for plaintiff.

*Gilbert,* for defendant.

TENNEY, J. — The plaintiff agreed in writing with the defendant to cut ship timber for him; to pay for his services and board, and all necessary expenses; also all the wages of the men, and for their board, who should be employed in cutting the timber; the defendant to hire the men to the best advantage for the plaintiff.

In this action, which is for money had and received, the defendant filed an account in set-off, and among the specifications, are charges for money paid to men, and for their board, and evidence was introduced to prove these items by the defendant; he also offered receipts of the various persons, to whom payments were specified to have been made for labor and board of the men employed, which are understood by the exceptions to have been admitted against the objection of the plaintiff. Whether these receipts were admissible or not, is the only question presented in argument by the plaintiff.

The contract shows, that the defendant was the agent of the plaintiff, in the performance of the work which he undertook, and in the employment of the men, furnishing board, and in the payment of the expenses therefor. These payments were therefore made to the men in discharge of their claims against the plaintiff, as the principal, by the defend-

ant as his agent, and the receipts were taken as vouchers for the latter before this controversy.

It is said in a note to the case of *Hingham* v. *Ridgway*, 10 East, 109, in 2 Smith's Leading Cases, 183, on page 197, that there is a class of cases turning on this point, " that where one claims compensation for payments made on account of the defendant, for which the defendant was liable, *there* the acquittance of the person to whom the liability of defendant was, or such declaration by him as is equivalent thereto, is evidence to entitle the plaintiff to recover. The ground of the action is, that the plaintiff has discharged for the defendant a liability to which he was subject; the receipt or admission is not offered as *evidence* of any thing, but as a fact or act, in itself operating to discharge the defendant."

The case of *Sherman* v. *Crosby*, 11 Johns. 70, was where a receipt of payment of a judgment, recovered by a third person against the defendant, was held admissible in an action for the money so paid, by the party paying it, he having had authority to adjust the demand, and the receipt being a documentary fact in the adjustment, though the attorney who signed the receipt was not produced, nor proved to be dead.

It is said in Starkie's Ev. vol. 3, page 1276, " if a man by his receipt acknowledges, that he has received money from an agent on account of his principal, and thereby accredits the agent with the principal to that amount, such receipt is, it seems, conclusive as to the payment by the agent."

Receipts, &c., in making up the accounts of agents, executors and other trustees, seem to be admitted on the same ground. Smith's Leading Cases, and the note before cited; 1 Greenl. Ev. § 147, note (1;) *Thompson* v. *Stevens*, 2 Nott & McCord, 493; *Holladay* v. *Littlepage*, 2 Munf. 316; *Prather* v. *Johnson & al.*, 3 Har. & John. 487. The principle established by the authorities cited, seems to be applicable to the point in controversy, and does not conflict

with rules of evidence, and is not in any respect unreasonable. *Exceptions overruled.*

