## WARD *v.* STURDIVANT.

Opinion delivered April 20, 1908.

APPEAL—INSTRUCTIONS—EXCEPTION IN GROSS.—Where the appellant excepted in gross to several instructions given, the court will look no further upon ascertaining that any one of them was correct.

Appeal from Howard Circuit Court; *W. S. Eakin,* Special Judge; affirmed.

*W. V. Tompkins, D. B. Sain* and *W. P. Feazel,* for appellant.

*W. C. Rodgers,* for appellee.

Appellant's objection to the court's refusal to give instructions is too general. Likewise as to the instructions given by the court, the statement that "plaintiff excepted to all of said instructions" is too general, and can not avail here. 38 Ark. 528; 39 Ark. 337; 54 Ark. 16; 59 Ark. 312; *Id.* 370; 60 Ark. 250; 75 Ark. 181; 76 Ark. 41; 78 Ark. 7; 79 Ark. 338; 80 Ark. 528; 84 Ark. 73; 84 Ark. 95.

WOOD, J. This suit was brought by the appellant against the appellee for the possession of a certain tract of land in Howard County. Appellant claimed under a sheriff's deed issued by virtue of a sale of the land under execution to satisfy a judgment in favor of appellant against one J. B. Sturdivant.

Appellant alleged that J. B. Sturdivant sold the land in controversy to W. A. J. Sturdivant for the fraudulent purpose of cheating, hindering and delaying his creditors, of whom appellant was one. The appellee, W. A. Sturdivant, denied that the land in controversy was sold for the fraudulent purpose of hindering and delaying creditors, and alleged that the land in controversy was bought by him from J. B. Sturdivant in good faith and for a valuable consideration, and he claims under deed from J. B. Sturdivant, and set up title under said deed, and by virtue of the seven years statute of limitations.

On behalf of appellant the evidence tended to prove the allegations of her complaint, and on behalf of appellee there was evidence tending to sustain the allegations of his answer.

These were issues of fact, which were submitted to the jury under instructions to which no specific objections were pointed out in the trial court. The instructions were numbered from one to eleven respectively.

The appellant, the record shows, "excepted to all of said instructions, but the court gave same over the objections" of appellant. This presents no specific objection to any one of the instructions, and we find that some, if not all, of them are correct. *Atkins* v. *Swope,* 38 Ark. 528, 539; *Neal* v. *Peevey,* 39 Ark. 337, 339; *Quertermous* v. *Hatfield,* 54 Ark. 16, 20; *Fordyce* v. *Russell,* 59 Ark. 312, 314; *Oxley Stave Co.* v. *Staggs,* 59 Ark. 370, 375; *Dunnington* v. *Frick Co,* 60 Ark. 250, 256; *Young* v. *Stevenson,* 75 Ark. 181, 183; *Wells* v. *Parker,* 76 Ark. 41, 42; *Wade* v. *Goza,* 78 Ark. 7, 14; *Walnut Ridge Mer. Co.* v. *Cohn,* 79 Ark. 338, 341; *Kansas City S. Ry. Co.* v. *Morris,* 80 Ark. 528, 535; *Mathews* v. *State,* 84 Ark. 73; *Johnson* v. *State,* 84 Ark. 95.

Appellant objected to the ruling of the court in refusing to give "each and every one of her requests for instructions, and duly saved her exceptions thereto." But she does not urge here any specific reason why the court should have given any one or all of these requests. We find that the instructions of the court, upon the whole, were a correct application of the law of the case to the facts; and, as there was evidence here to sustain the verdict, the judgment is affirmed.