### NEWPORT STAVE COMPANY v. HALL.

#### Opinion delivered March 18, 1912.

1. APPEAL AND ERROR—INSTRUCTIONS—EXCEPTIONS IN GROSS.—Where the exceptions to the court's several instructions were in gross, they will not be considered when the correctness of only one of them is questioned. (Page 627.)

2. MASTER AND SERVANT—LIABILITY FOR ACTS OF SERVANT.—Evidence tending to prove that defendant's servant was guilty of negligence, which caused plaintiff to be scalded by steam escaping from a boiler, was sufficient to sustain a charge of negligence. (Page 627.)

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY. —Where plaintiff stopped for a few moments near defendant's engine, and it did not appear that there was reason for him to anticipate any danger, it was not error to leave to the jury the question whether plaintiff was guilty of contributory negligence. (Page 627.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*Gaughan & Sifford,* and *Marsh & Flenniken,* for appellant.

1. Considering the evidence in its aspect most favorable to appellee, the proof is not legally sufficient to show negligence. 97 Ark. 486; 35 *Id.* 602. Defendant was only bound to use ordinary care to prevent the injury. 6 Words & Phr. 5029; 11 L. R. A. 689; 26 Am. St. 842; 14 Pac. 633; 59 S. W. 13.

2. This was purely an accident. 1 Words & Phr. 63; 63 L. R. A. 416; 50 Am. Rep. 352; 27 L. R. A. 365.

3.  Plaintiff was guilty of contributory negligence.  82 Ark. 534, 97 *Id.* 486.

*Mahoney & Mahoney* and *Powell & Taylor,* for appellee.

McCulloch, C. J.   The plaintiff was scalded by water expelled from a steam pipe at defendant's mill, and sues to recover damages.   Defendant was operating a stave mill, and used an engine and boiler leased from John P. Holmes, plaintiff's employer.   Holmes contracted with defendant to supply the boiler with sufficient water, and he assigned that duty to plaintiff, whose other work for Holmes was to superintend the making and hauling of stave bolts, the business in which Holmes was then engaged.   On the morning the injury occurred, the plaintiff went to the mill to ask Kinard, the engineer (defendant's employee) about the supply of water, and walked up near the engine, where Kinard and one Miller, the commissary keeper, were sitting.   He asked Kinard about the water, and the latter replied that it wouldn't last longer than 3 o'clock in the afternoon.   Kinard immediately walked away, and plaintiff squatted down beside Miller to ask about sending some groceries to the woods, and in a few moments a small quantity of hot water from the steam pipe struck him in the face and scalded him.

The pipe from which the hot water escaped ran from the pop-valve, and was connected with the boiler.   It was elevated, and extended four or five feet from the boiler, the end being about eight feet from the ground.   Plaintiff was about ten feet from the end of the pipe and in range of it when Kinard walked away from him and when he was struck by the water. The escape of the hot water was caused in this wise:   Kinard climbed up to the pop-valve to adjust it.   At first it was set so that it would pop off when the steam pressue was 40 pounds; he ran the set screw down so that it would pop off at 90 pounds pressure, and then so that it would pop off at 110 pounds pressure.   He pulled the lever and tried it at that pressure, and then it was that the sudden pressure of steam expelled the hot water from the pipe.   This all occurred, according to the testimony, in a short space of time—about two minutes or less.   Kinard knew that plaintiff was sitting, when he left him, in range of the pipe.   He says he didn't know that there was

any water in the pipe. The presence of the water in the pipe was caused according to Kinard's testimony by the condensation of steam. Plaintiff testified that the steam would condense in the pipe, and also that when the boiler had too much water in it some of the water would get into the pipe.

The only question presented is whether or not the testimony was sufficient to sustain the charge of negligence. The exceptions to instructions were in gross, and can not be considered, as the correctness of only one of them is now challenged. *Dowell* v. *Schisler,* 76 Ark. 482. It is insisted that the injury occurred purely from an accident which could not reasonably have been foreseen, and that the resultant injury by reason of the escaping water was too remote for the act of the engineer in pulling the lever to be treated as the proximate cause. We think the testimony presented a question for the jury to determine whether the engineer was guilty of negligence which was the proximate cause of the injury. He knew that the plaintiff was squatting within range of the pipe, and that if any water came from the pipe it was likely to strike him. The testimony tends to show that water was likely to accumulate in the pipe, and that the engineer knew this or could have known it by the exercise of ordinary care. He admits that it could accumulate there, and that if he had thought about it at the time he would have known it.

The question was also one for the jury whether or not plaintiff was guilty of contributory negligence in stopping in range of the pipe. He stopped there only for a few moments, and he did not know that the engineer was working with the pop-valve. It does not appear that any danger from that source was to be anticipated unless the lever should be pulled.

Affirmed.