MERIDETH v. MATTHEWS.

Opinion delivered March 22, 1915.

1. CONTRACTS—SALE OF CHATTELS—BREACH—DEMURRER—COUNTER-CLAIM.
—In an action for damages for failure by the purchaser to accept and pay for goods bought from the appellee, the defense that the goods were not delivered at the time contracted for, can not be set up by demurrer to the complaint, the time of delivery not being of the essence of the contract; under the facts appellant could have set up appellee's failure to deliver the goods on time, by way of counter-claim.

2. SALES—BREACH OF CONTRACT—MEASURE OF DAMAGES.—The measure of the buyer's damage, where the seller of goods failed to deliver the same according to the contract of purchase, is the difference between the contract price and the market price of the goods, at the time and place of delivery, provided there was a market price for goods of the character and quality contracted for at such time and place.

3. CIRCUIT COURTS—JURISDICTION SECOND CIRCUIT.—Under Act 138, Acts 1911, it shall not be reversible error to try any case in that division in the second circuit, to which the case has not been specially assigned by the act.

Appeal from Clay Circuit Court, Eastern District; J. F. Gautney, Judge; affirmed.

STATEMENT BY THE COURT.

The Spartan Hosiery Mills, one of the appellees, obtained a judgment against the appellant on account for merchandise in the sum of $79.28. This judgment was rendered by the justice of the peace on the 4th day of April, 1914. Appellant appealed to the circuit court. The second division of the circuit court in Clay County convened on the 25th of May following. Upon appellant's failure to appear and prosecute his appeal in the circuit court, judgment by default was rendered against him and execution was issued on the judgment. Appellant sought and obtained a temporary injunction restraining the appellee, J. E. Matthews, as sheriff, from levying the execution, and alleged as grounds therefor that he "expected that the appeal would stand for trial at the next term of the first division of the circuit court where all civil cases are tried and disposed of, except where said cases are

tried and disposed of by said second division of said court with the consent of the parties; "that he made inquiry of his attorney whether his appeal could be tried in said second division of said court and was informed that it could not and would not be tried in said second division unless it was done with the knowledge and consent of both the plaintiff and defendant—and that, "without his knowledge and consent, the said appeal was docketed in the said second division of said court, and on May 28, without his knowledge and to his great surprise, plaintiff in said cause obtained a judgment against him in the sum of $79.28 for want of prosecution."

The complaint further set out that the Spartan Hosiery Mills fraudulently induced the clerk of the second division to docket appellant's appeal in that division, and fraudulently induced the court to render judgment against the appellant. Appellant then set up that the custom and practice in the circuit court was that all appeal cases from justices of the peace of the county stand for trial at the next term of the first division of the circuit court where the transcripts are filed with the clerk ten days before the first day of the term; that if the court had been advised of the facts, the court would have either had the plaintiff, or appellant, notified that his case was set for trial, or transferred the case to the first division of the court where same belonged in the absence of the consent of all parties to the litigation.

Another paragraph of the complaint, numbered 6, is as follows:

"The amount said Spartan Hosiery Mills sued this plaintiff for is the price of a bill of merchandise consisting of a lot of gloves; that at the time the plaintiff ordered said bill of goods, the Spartan Hosiery Mills represented to this plaintiff that the goods would be shipped to him immediately, or not later than May 1, 1913, the contract for the purchase of said goods having been entered into on or about April 1, 1913, but that the said bill of goods were not in fact shipped until November 1, 1913, at which time the plaintiff could not use said bill of goods, and con-

sequently refused to accept them; that the main inducement actuating the plaintiff to order and contract for the bill of goods was the fact that it would be shipped and delivered to him not later than May 1, 1913, but the said Spartan Hosiery Mills failed and refused to live up to the contract.''

The appellees filed a demurrer to the sixth paragraph of the complaint on the ground that it did not constitute ''a meritorious defense to the cause of action originally filed against the plaintiff.'' The court sustained the demurrer and the appellant rested on the complaint; and the court entered a judgment dismissing the same, from which this appeal has been duly prosecuted.

*W. W. Bandy,* for appellant.

The demurrer admits the facts stated in the sixth paragraph of the petition. It therefore admits the truth of the statement that ''at the time this plaintiff ordered said bill of goods, Spartan Hosiery Company represented to this plaintiff that the goods would be shipped and delivered to him immediately, or not later than May 1, 1913.'' The word ''immediately,'' modified by the clause ''not later than May 1, 1913,'' makes it clear that the intention of the parties was to make time of the essence of the contract. 1 Parsons on Contracts (7 ed.), 606, 607; 3 *Id.* 338, 339; 134 U. S. 68; 95 Ark. 531; 105 Ark. 626; Bishop on Contracts, § 1344; *Id.* § 1347.

*R. H. Dudley,* for appellee.

The matters set out in the petition did not constitute a defense, and it was not error to try the case in the second division. 104 Ark. 45; 79 Ark. 338; 35 Cyc. 633; Tiffany on Sales, 235.

WOOD, J., (after stating the facts). (1-2) The demurrer was properly sustained. The sixth paragraph of appellant's complaint does not constitute a meritorious defense; it does not, in express terms, state that the provision of the agreement that ''the goods would be shipped and delivered to him immediately, or not later than May 1, 1913,'' was of the essence of the contract, and the facts stated do not show that it was intended by this provision

to make time the essence of the contract. The most that can be claimed for the allegations of the sixth paragraph are that the appellees, Spartan Hosiery Mills, violated its contract in failing to ship the goods by May 1, 1913, but this did not constitute a meritorious defense to the appellee's cause of action, for the purchase price of the goods. Conceding the facts to be true as the demurrer admits, appellee would have had no right to repudiate the contract, but he could have, on a suit to enforce the same, set up the damages resulting to him on account of the Spartan Hosiery Mills' failure to comply with its contract, by way of counter-claim. *Brownfield* v. *Dudley E. Jones Co.,* 98 Ark. 495. The measure of appellant's damages would have been the difference between the contract price and the market price of the goods at the time and place of delivery, provided there was a market price for goods of the character and quality contracted for at such time and place. See *Walnut Ridge Mercantile Co.* v. *Cohn,* 79 Ark. 338; 35 Cyc. 633.

There are no allegations in the paragraph of the complaint to the effect that appellant was damaged by reason of the failure of the appellee, Spartan Hosiery Mills, to have the goods delivered according to the contract, and setting forth the amount of such damages.

Even if the court erred in sustaining the demurrer to the sixth paragraph, its judgment can not be reversed. Section 6 of Act 138 of the Acts of 1911, providing for an additional circuit judge for the second judicial circuit of Clay County, and regulating the practice in said circuit, provides as follows:

"It shall not be reversible error that any case is tried in the division to which it has not been specially assigned."

In *Blackstad Mercantile Co.* v. *Bond,* 104 Ark. 45, the court had under review the above statute, and after setting out section 6, we said:

"It is manifest from the section just quoted that the jurisdiction of the court does not depend upon the proper assignment of a case to either division. The statute ex-

pressly declares that it shall not even be reversible error; that is, that it shall not affect the validity of the proceedings even on a direct attack by appeal for any case to be tried in a division to which it has not been assigned.''

(3) The court, therefore, did not err in sustaining the appellee's demurrer to appellant's complaint, even if it was based upon appellee's complaint. For the judgment rendered against appellant in favor of the appellee on appeal, by the circuit court, under the above statute and decision construing the same, could not be set aside upon the allegations mentioned in appellant's complaint.

The judgment of the circuit court dismissing appellant's complaint is correct, and it is, therefore, affirmed.