BREASHEARS *v.* ARNETT.

Opinion delivered May 24, 1920.

1. MUNICIPAL CORPORATIONS—AUTOMOBILE ACCIDENT—QUESTION FOR JURY.—Where, in an action for injuries to a pedestrian struck by an automobile, there was evidence that the driver was exceeding reasonable speed and sounded no warning before striking plaintiff, who was crossing in the middle of the block, the questions of negligence and contributory negligence were issues of fact for the jury.

2. DAMAGES — PERMANENT INJURIES.—Where the evidence showed that plaintiff, on being struck by an automobile, was knocked unconscious, and did not get out of bed for two weeks; that both her knees, and elbows and right side were badly bruised; that some of her injuries were permanent, and that she was unable to do work as before, a judgment of $1,250 damages is not excessive.

Appeal from Yell Circuit Court, Danville District; *A. B. Priddy,* Judge; affirmed.

*Geo. E. Floyd,* for appellant.

1. Plaintiff, as a reasonable person, must have known it was extremely hazardous to cross the street at the time and in the manner she did and as the evidence shows. The doctrine of contributory negligence is well established by our authorities. It was prejudicial error to refuse instruction No. 4, asked by defendant, also Nos. 3 and 21. The evidence fully and clearly proves contributory negligence.

2. The damages are excessive. At most plaintiff was only entitled to nominal damages.

*Chambers & Wilson* and *Heartsill Ragon,* for appellee.

1. Three grounds of negligence were alleged by appellee: (1) appellant was running his car at an unusual rate of speed; (2) he did not have it under proper control, and (3) he sounded no warning.

2. There is no error in the instructions given or refused. 61 Ark. 381; 62 *Id.* 118; 78 Ark. 426; 84 *Id.* 241; 102 *Id.* 499; 88 *Id.* 524; 91 *Id.* 388; 81 *Id.* 187; 79 *Id.* 378.

3. The verdict is not excessive. The testimony would have warranted a much larger verdict.

WOOD, J. The appellee and her escort, Jack Walker, and Miss Eunice Holman and her escort, E. A. Mathis, all attended a moving picture show in the town of Plainview, Yell County, Arkansas, on the night of May 4, 1918. After the show was over appellee and her companion started across the street to a drug store for cold drinks. The street was eighty feet wide and there were about 150 people on the street at the time and a number of automobiles. Appellee and her companions were crossing at about the middle of the block. There were public crossings, but there were no car lines on the street and the people went across the street anywhere. Coming out of the picture show the people went straight across the street.

Appellee and Walker were within about ten feet of the curb on the opposite side of the street from the theatre and going toward the drug store when the appellant, who was driving a Ford occupied by himself and several young ladies, ran upon the appellee and Walker. Walker saw that appellee was in direct track of the car and tried to shove her out of the way, but failed. Appellant struck the appellee causing personal injuries for which she brought this action against the appellant to recover damages.

Appellee alleged that the appellant was negligent in running his car at an unusual rate of speed; that he did not have his car under proper control and that he did not sound any alarm warning appellee of the approach of his car.

Appellant denied the allegations of the complaint as to negligence and set up the defense of contributory negligence.

The appellee and her companions testified that the car was being driven by appellant at a greater speed than cars are ordinarily run upon the roads or streets. Appellant testified that he supposed he was going about ten miles per hour. Several witnesses testified on behalf of the appellant to the same effect.

Walker weighed 193 pounds and by the impact of the car he was thrown above the windshield. After the appellant hit appellee and Walker, he stopped the car in about seventy-five feet. Appellant did not sound any alarm before he struck the appellee.

Appellee was twenty years of age and in perfect health. She did general farm and domestic work. Since her injury she has not had strength and health and could not do work as before. When in health she had strength above the ordinary and made as good "a hand as you could get on the farm." Appellee was knocked unconscious by the blow and remained so for some time thereafter. She did not get out of bed for two weeks, and it was four weeks before she could get around. Her left knee, right side, chest, both elbows and knees and right hip were badly bruised. She was also injured in her breast. Whenever she walked any distance, her knee would swell and was painful.

The physician who attended the appellee testified, that there were several scratched places and bruised spots too numerous to mention over her body; that the principal wounds were injury to the knee and a rib that was loose from its cartilage on the right side, which in the process of healing caused a knot on her breast. In the process of healing, from the inflammation, the

knee cap had been thrown out, the fibers and tendons were enlarged, which left a thickened condition around the knee joint and that it was impossible for him to tell how long an injury of this character would last. Some of them get well while others are permanent injuries for a lifetime. The general rule is that a majority of them are permanent.

There was a jury trial resulting in a verdict and judgment in favor of the appellee in the sum of $1,250. From that judgment is this appeal.

All of the instructions given by the court were not abstracted either by the appellant or the appellee but the instructions that were set forth in the brief of counsel show that the issues of negligence and contributory negligence were submitted under correct declarations of law. The issues of negligence and contributory negligence were issues of fact under the evidence for the jury.

In view of the character of the injuries sustained by the appellee as shown by the evidence it can not be said that the amount of the verdict and judgment is excessive. There is no prejudicial error.

The judgment is correct, and is therefore affirmed.