## OLIPHANT v. HAMM.

### Opinion delivered January 12, 1925.

1. MUNICIPAL CORPORATIONS—RIGHTS OF PEDESTRIANS AND MOTORISTS.—The relative rights of pedestrians and motorists in the public streets are equal, each being obliged to act with due regard to the movements of the other, but neither is called upon to anticipate the other's negligence.

2. MUNICIPAL CORPORATIONS—EVIDENCE OF MOTORIST'S NEGLIGENCE.—Evidence that plaintiff, a twelve-year-old boy, was run over by defendant driving an automobile without giving warning as he was walking along the side of the street, and that defendant saw plaintiff and knew that he was oblivious to the car's approach, *held* to sustain a verdict for plaintiff.

3. APPEAL AND ERROR—INSTRUCTIONS—EXCEPTIONS IN GROSS.—
   Exceptions in gross to the giving of several instructions are not
   sufficient for review unless all of the instructions are incorrect.

4. APPEAL AND ERROR—REFUSAL OF INSTRUCTION—HARMLESS ERROR.—
   In an action for negligently driving over a child walking along
   the side of a street, refusal to instruct that "the sidewalk in towns
   and cities is the part of the street set aside for pedestrians,
   though they are not required under the law to walk on them"
   *held* not prejudicial.

5. APPEAL AND ERROR—ABANDONMENT OF EXCEPTIONS.—Exceptions
   to the refusal to give instructions requested will be treated as
   abandoned when not assigned as grounds for new trial in the
   motion therefor.

Appeal from Logan Circuit Court, Southern District; *James Cochran*, Judge; affirmed.

### STATEMENT OF FACTS.

Johnnie Hamm, by A. L. Hamm, his father and next friend, instituted this action against O. C. Oliphant and Robert Oliphant to recover damages on account of their alleged negligence in driving an automobile against him while he was walking along the street.

Mrs. Myrtle Hamm, an aunt of Johnnie Hamm, was the principal witness for the plaintiff. According to her testimony, Johnnie's mother died when he was an infant, and she took him to raise. He lived with her in the old town of Booneville in October, 1921, at the time he was injured by being run over by an automobile driven by Robert Oliphant. Johnnie went into the kitchen and got a piece of pie from her. He then went out into the street and started west on it. She went into the front part of the house, and saw him going along the street in the beaten roadway where pedestrians usually walked. There was no sidewalk on the street. As Johnnie walked along the street, Robert Oliphant drove his automobile along the street behind him. He did not give any signal of any kind of the approach of the automobile. Just before the automobile struck him, she saw Lee Austin driving an automobile on the same street, approaching Johnnie, and Austin stopped his car and motioned to

Johnnie. Just as Austin did this, Oliphant struck Johnnie with his automobile and severely injured him.

According to the testimony of Lee Austin, as he drove into the street towards the residence where Johnnie Hamm lived, he saw the latter coming towards him along the beaten pathway of the street, where footmen usually walked. Robert Oliphant was behind Johnnie, driving a Packard automobile belonging to O. C. Oliphant. Austin thought that Oliphant was going to run over Johnnie, and pulled his own automobile to the right of the street and motioned to Johnnie to come towards him. Just at that instant Oliphant's automobile struck Johnnie and ran over his body. Oliphant gave no signal of any kind of his approach, and the Packard automobile he was driving moved without making any noise scarcely.

According to the testimony of Johnnie Hamm, he saw Lee Austin driving towards him, and motioned to him after he stopped his car. He started towards Austin, but had not yet taken a step when the car driven by Robert Oliphant hit him and knocked him down. Oliphant gave no warning that he was approaching in his car, and the witness did not know that he was behind him until the car struck him.

A physician testified that Johnnie had two or three ribs broken and was otherwise bruised and injured.

According to the testimony of Robert Oliphant, he was driving slowly, and sounded his horn as he approached Johnnie Hamm. Lee Austin drove into the same street in an automobile from the opposite direction, and stopped his car near the sidewalk. He motioned to Johnnie to come to him, and the latter did so. The witness thought that Johnnie was going to stand there and talk to Austin; but, just as his car passed them, Johnnie suddenly turned and stepped in front of the car. The bumper knocked him down, but neither of the wheels passed over him.

The jury returned a verdict in favor of the plaintiff in the sum of $300, and from the judgment rendered the defendants have duly prosecuted an appeal to this court.

*Kincannon & Kincannon*, for appellant.

While it is a question for the jury to say whether due care had been exercised by appellee (102 Ark. 315), yet the evidence does not warrant the jury's finding. Instruction No. 3 should have been given. Negligent failure to observe reasonable care will prevent recovery. 7 L. R. A. p. 678. See also 116 Ark. 26.

*Evans & Evans,* for appellee.

There is nothing before this court for consideration, for the reason that appellants did not reserve any exceptions to the action of the trial court in overruling their motion for a new trial. C. & M. Digest, § 1320; 76 Ark. 400; 95 Ark. 62. Exceptions were not saved by appellant to the giving of instructions complained of, and are of no avail now. 73 Ark. 407; 26 Ark. 334; 38 Ark. 246; 78 Ark. 490; 91 Ark. 43; 131 Ark. 121; 135 Ark. 499; 156 Ark. 54. Appellee was not guilty of negligence as a matter of law. 20 R. C. L., § 105; 124 Ark. 1; 142 Ark. 593. Appellee had a right to be in the street. Drivers of cars must anticipate the presence of pedestrians in the street, and exercise reasonable care to avoid injuring them. 102 Ark. 351; 130 Ark. 406; 136 Ark. 23; 97 Ark. 469; 102 Ark. 354.

HART, J., (after stating the facts). It is first contended by counsel for the defendant that the evidence is not sufficient to support the verdict.

The relative rights of pedestrians and motor vehicles in a public street are equal, and each is obliged to act with due regard to the movements of the other. Neither is called upon to anticipate negligence of the other. Johnnie Hamm was twelve years of age, and was possessed of the mental and bodily vigor usual to boys of his age at the time he was injured. He had a right to walk along the street, observing such care as children of like age are accustomed to use, while the defendants had the right to drive their automobile along the street, observing such watchfulness for footmen as the circumstances seemed to require. According to the evidence for the plaintiff, Johnnie Hamm was walking along the beaten

path on one side of the street, when the automobile of the defendant approached him, without any signal being given, and struck him with such force as to knock him down and to cause one of the wheels to pass over his body. The jury might have inferred from the evidence for the plaintiff that the driver of the automobile had a clear view ahead of him, that he knew that his car was approaching the boy without making any noise scarcely, and that the boy was oblivious of his approach.

Under the circumstances as proved by the plaintiff, the circuit court properly held that the question of negligence on the part of the defendants and contributory negligence on the part of the plaintiff were for the jury. Therefore we are of the opinion that, under the principles of law decided by this court in similar cases, the evidence was legally sufficient to support the verdict. *Millsaps v. Brogdon,* 97 Ark. 469; *Minor* v. *Mapes,* 102 Ark. 351; *Carter* v. *Brown,* 136 Ark. 23; and *Brashears* v. *Arnett,* 144 Ark. 196.

Counsel for the defendants also assign as error the action of the court in giving instructions Nos. 5, 6, 7, 8 and 12. The bill of exception recites the following: "The court then, at the request of the plaintiff, gave to the jury, over the objections of the defendants, the following instructions." Then follow twelve instructions given by the court.

We have repeatedly held that exceptions to a trial court's ruling in giving or refusing instructions must be separately made at the time, and that exceptions in gross are not sufficient to bring up the instructions for review, unless the instructions objected to are all incorrect. *L. J. Smith Construction Co.* v. *Tate,* 151 Ark. 278, and *Dubisson* v. *McMullin,* 163 Ark. 186.

We need not set out all of the instructions referred to, because it is not claimed by counsel for the defendants that all of them are incorrect. In fact, some of them are admitted to be correct instructions.

It is next insisted that the court erred in refusing to give an instruction asked for by the defendants as fol-

lows: ''The sidewalk, in towns and cities, is the part of the street set apart for pedestrians, though they are not required, under the law, to walk on them.'' No possible prejudice could have resulted to the defendants from the failure of the court to give this instruction. Moreover, the same idea was included in the instructions given by the court.

Counsel for the defendants failed to bring forward in their motion for a new trial alleged errors of the trial court in refusing to give other instructions asked by them. Therefore such exceptions to the ruling of the court will be treated as abandoned, under our rules of practice. *Myers* v. *Andre,* 161 Ark. 393.

It follows that the judgment must be affirmed.