## GREEN *v.* HOLLINGSHEAD.

Opinion delivered January 17, 1927.

1. APPEAL AND ERROR—ASSIGNMENT OF ERROR.—ABANDONMENT.— Where the refusal of an instruction was not made one of the grounds in a motion for new trial, the appellate court will not review such ruling.

2. CONTRACTS—CONSIDERATION.—Defendants' agreement to pay a certain amount for plaintiff's used car if plaintiff or one of his employees should buy a new car from defendants *held* to be based on a good consideration.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

STATEMENT BY THE COURT.

This is an action by J. H. Hollingshead against Martin Green and Mrs. Martin Green, doing business as Green Motor Company, to recover the sum of $200 alleged to be due for a second-hand automobile.

The defendants denied liability on the contract as stated in the plaintiff's complaint. They allege that they were dealers in automobiles, and agreed to allow the plaintiff $200 for his second-hand car if he would purchase a new automobile from them, that they were ready at all times to furnish the new car to the plaintiff under their contract, and that the plaintiff had refused to accept the same.

J. H. Hollingshead was a witness for himself. According to his testimony, he purchased a Chevrolet sedan from the defendants and gave them a Ford touring car in part payment of the same. Subsequently he paid the balance of the purchase price of the Chevrolet sedan. At a later date defendants agreed with the plaintiff that they would allow him $200 for a second-hand Dodge touring car if he would purchase a new Chevrolet roadster, or if any one of his employees would buy a car from them. Subsequently W. H. Chriswell, an employee of the plaintiff, bought a car from the defendants. He made a payment of $200 on the car and gave his note for the balance of the purchase money. Subsequently Chriswell paid the note.

According to the evidence for the defendants, the plaintiff negotiated with them for the purchase of a Chevrolet sedan, and wanted to turn in a Ford truck and a Dodge touring car in part payment of the purchase price. The defendants told the plaintiff that they could not take more than one car. It was then agreed that the plaintiff should turn in the Ford truck and be given a $200 allowance on the purchase price of the sedan. The sedan was delivered to the plaintiff, and he gave a note for the balance of the purchase price, which was paid. Some time later the plaintiff told the defendants that his wife objected to him using the new Chevrolet sedan. Plaintiff then proposed to buy a Chevrolet roadster from the defendants, and asked for an allowance on his old second-hand touring car. The defendants agreed to allow the plaintiff $200 for his Dodge car in case he should purchase a new Chevrolet roadster from them. The plaintiff delivered the Dodge car to the defendants, and stated that he did not want the new roadster at that time because he was a little short of money. The defendants have been at all times willing to deliver to the plaintiff a new roadster upon payment of the balance of the purchase money in accordance with the terms of the contract. The plaintiff refused to accept the new roadster, and demanded of them $200 in payment for his Dodge car, less a repair bill for $14.70 which the plaintiff owed the defendants.

The jury returned a verdict for the plaintiff in the sum of $185.30, and from the judgment rendered the defendants have duly prosecuted an appeal to this court.

*Cravens & Cravens,* for appellant.

*Roy Gean,* for appellee.

HART, J., (after stating the facts). After the court had read its instructions to the jury, counsel for the defendants asked the court to give to the jury an oral instruction, which was copied by the court stenographer. A reversal of the judgment is now asked by the defendants on the ground that the court refused to give this instruction. Counsel for the defendants failed to make

the refusal of the court to give this instruction one of the grounds in their motion for a new trial. Therefore their objections to the action of the court in refusing to give the instruction must be treated as abandoned. *Oliphant* v. *Hamm*, 167 Ark. 167.

The next assignment of error is that the court erred in giving instruction No. 2, which reads as follows: "You are instructed that, if you find from the preponderance of the evidence that the plaintiff Hollingshead bought from the defendants a certain automobile, and, as a part and parcel of said trade, the defendants accepted, among other things, plaintiff's old Dodge touring car, for which defendants agreed to allow plaintiff the sum of $200 on another car if he should decide to purchase another new car, or, if the plaintiff did not buy another car and one of his employees did buy a new car from the defendants, then the defendants would pay plaintiff the sum of $200, and you further find that, after said trade was so made between the plaintiff and defendants, one of the plaintiff's employees did purchase a new car from the defendants, you will find for the plaintiff."

It is claimed by counsel for the defendants that this instruction was abstract, and therefore prejudicial to the rights of the defendants. We do not agree with counsel in this contention.

According to the evidence adduced by the plaintiff, he delivered an old Dodge touring car to the defendants upon their agreement to allow him $200 for the same if he would purchase a new car from them, or if one of his employees should buy a new car from the defendants. The evidence for the plaintiff shows that W. H. Chriswell, one of his employees, subsequently bought a car from the defendants and paid for the same.

It is also contended that, if the defendants had agreed that they would allow the plaintiff $200 for his old Dodge touring car in the event that one of his employees would purchase a new car from the defendants, such an agreement was a purely voluntary undertaking on their part, and without any consideration to support it.

Page on Contracts defines a valid consideration to be some legal right acquired by the promisor in consideration of his promise, or forborne by the promisee in consideration of such promise. This definition was quoted and approved in *Nothwang* v. *Harrison,* 126 Ark. 548.

Now it will be readily agreed that, if the plaintiff had gone to the defendants and offered them his old Dodge touring car for $200 and they had accepted his offer and the Dodge car had been delivered to them by the plaintiff, they would owe him $200. Again, all would agree that if the plaintiff had applied to the defendants to buy a new car and offered to turn in his old Dodge car at $200 and defendants had accepted his offer, this would constitute a valid and binding contract. We cannot see that the transaction could be any different because there was attached to it a condition that the defendants would give him $200 for his Dodge car if one of his employees should buy a new car from them. The delivery and acceptance of the Dodge touring car by the defendants was a sufficient consideration for their agreement to pay the plaintiff $200, and the agreement cannot in any wise be said to be changed into a contract without consideration to support it because there was attached to the agreement a further condition that one of the employees of the plaintiff should buy a new car from the defendants.

The evidence for the plaintiff shows that he delivered his old Dodge car to the defendants, and that they accepted it under the terms of the contract. The evidence for the plaintiff also shows that, at later date, one of his employees purchased a new car from the defendants and paid them for it. Under these facts it cannot be said that the instruction was not predicated upon facts proved in the case, or that the agreement proved by the evidence of the plaintiff was void because there was no consideration to support it.

It follows that the judgment of the circuit court was correct, and it will therefore be affirmed.