GRAHAM AND SEAMAN *v.* STATE.

4104                                    121 S. W. 2d 892

Opinion delivered November 14, 1938.

*Jack Holt*, Attorney General, and *Jno. P. Streepey*, Assistant Attorney General, for appellee.

DONHAM, J.   The Prosecuting Attorney of the Twelfth Judicial Circuit filed information against appellants in the circuit court of Sebastian county accusing them of the crime of stealing cattle.   They were convicted and Graham's punishment was fixed by the jury at five years in the penitentiary, and Seaman's at three years in the penitentiary.

It was alleged in the information that the appellants on the 14th day of December, 1937, in the county of Sebastian, state of Arkansas, did unlawfully and feloniously steal, take and carry away, one cow, the property of the Fort Smith District of Sebastian county.

Motion for new trial was filed and overruled and appellants have appealed.

For reversal appellants contend:   (1) That the evidence is not sufficient to sustain the verdict; (2) that the court committed error in refusing to grant the petition of appellants for severance; (3) that the court committed error in refusing to give appellants' requested instructions; (4) that the court committed error in giving appellee's instructions.

Without setting out the evidence of the several witnesses in detail, suffice it to say that we have carefully reviewed the record and find that the evidence is sufficient to sustain the verdict of the jury.

As to the second assignment of error of appellants, being the one with reference to refusal of the court to grant their motion to sever, the statute, § 3976 of Pope's Digest, settles their contention in this regard against them.   This section is as follows:   ''When two or more

defendants are jointly indicted for a capital offense, any defendant requiring it is entitled to a separate trial; when indicted for a felony less than capital, defendants may be tried jointly or separately, in the discretion of the trial court. When separate trials are ordered in any case, the defendants shall be tried in the order directed by the court.''

It is not shown that there was any abuse of discretion on the part of the court.

Appellants next contend that the court erred in overruling their requests for instructions. There are some instructions in the record denominated ''defendants' instructions refused.'' But the record does not show that the trial court made any ruling as to these instructions. The bill of exceptions recites that the only instructions asked, given or refused were the ones requested by the state. The record is not sufficient to present this contention of appellants to the court. *Boatright* v. *State*, 195 Ark. 611, 113 S. W. 2d 107. Besides the record does not show that there was any exception to the refusal of the court to give said instructions, if the court did refuse to give them.

It is true that at the end of the testimony for the state appellants asked the court for a directed verdict of not guilty. If, however, the evidence was sufficient to sustain the verdict of the jury, and we hold it was, of course, there was no error in refusing to give this instruction.

For their final objection, appellants contend that the instructions given at the instance of the state are erroneous. The exception of appellants to these instructions was an exception *en masse;* also the assignment of error in the motion for new trial was *en masse.* Therefore, if any one of the instructions should be found to be correct, the exception of appellants could avail them nothing. *Dunnington* v. *Frick Co.*, 60 Ark. 250, 30 S. W. 212; *Walnut Ridge Mercantile Co.* v. *Cohn*, 79 Ark. 338, 96 S. W. 413; *Kansas City Southern Ry. Co.* v. *Morris*, 80 Ark. 528, 98 S. W. 363, 10 Ann. Cas. 618; *Kansas City South-*

*ern Ry. Co.* v. *Belknap,* 80 Ark. 587, 98 S. W. 366; *Ward* v. *Sturdivant,* 86 Ark. 103, 109 S. W. 1168; *Newport Stave Co.* v. *Hall,* 102 Ark. 625, 145 S. W. 528; *Oliphant* v. *Hamm,* 167 Ark. 167, 267 S. W. 563.

The first two of these instructions to which appellants objected and excepted *en masse* follow the wording of the statute relating to larceny, as defined by § 3129 of Pope's Digest. The third of these instructions told the jury that the fact that appellants did not testify could not be considered against them. The fourth is on the presumption of innocence; the fifth on the burden of proof; and the sixth on the credibility of the witnesses. There seems to be no error in any of these instructions. They have been frequently given by trial courts and this court has approved them many times.

It seems from the record before us that the appellants have had a fair and impartial trial. Since the record reflects no error, the judgment is affirmed.