## COMMONWEALTH *vs.* CATHERINE CANNON.

On the trial of an indictment for larceny of money, the defendant having testified that, at some time not disclosed, she had no money not honestly acquired, and that, of the money which she had, she paid various sums to persons, from some of whom she took written receipts therefor, offered those receipts in evidence. *Held,* that they were incompetent and immaterial.

INDICTMENT for larceny of three national bank bills of the denomination and value of five dollars each, from Jane Reed.

At the trial in the superior court, before *Wilkinson,* J., the defendant introduced evidence tending to show that at some

time not disclosed she had in her possession only fifty-one dollars, which amount she had honestly received; and that she paid away out of this amount forty-eight dollars and forty-two cents, in various sums to eight different persons, from four of whom she testified that she took written receipts of her payments at the times thereof. These receipts she offered in evidence. There was no proof of their execution other than the defendant's testimony; and she was unable to read. The judge ruled that they were not admissible; the jury returned a verdict of guilty; and the defendant alleged exceptions.

*M. J. McCafferty*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth. The defendant's first proposition might be quite material if coupled with evidence to show that the time was subsequent to the larceny, and that the stolen money must have been in her possession then, if she did steal it. But, if the second proposition were in any possible view material, the receipts were incompetent. They were, at best, mere statements, not under oath, of the persons who signed them. Those persons should have been called as witnesses.

HOAR, J. 1. The evidence rejected was not in any respect material to the defence.

2. If the fact of payment had been material, that fact was admitted in evidence. The receipts were merely the written acknowledgments of a third party, and, not being in themselves proof of the fact against the Commonwealth, added no weight to the testimony admitted. *Exceptions overruled.*