## JULIUS M. LYON *vs.* JEROME F. MANNING.

Worcester. Oct. 6. — 16, 1882. ENDICOTT, LORD & C. ALLEN, JJ., absent.

In an action upon a promissory note, if the answer sets up a release under seal, and the release is put in evidence, the plaintiff may show that the release was obtained by fraud, although no replication is filed by him.

A party cannot put in evidence a letter containing declarations of a stranger to the action, not under oath, and not shown to be connected with the adverse party in any such way as to make his statements admissible.

MORTON, C. J. This is an action upon a promissory note signed by the defendant, payable to and indorsed by Charlotte A. Holman. The answer set up a written release under seal, executed by the said Holman, and that the plaintiff was not the *bona fide* holder of the note for value. No replication was filed by the plaintiff.

On the trial, before the court without a jury, the presiding justice found that the plaintiff was not such a *bona fide* holder for value as to prevent the defendant from availing himself of such defences as existed between him and said Holman, and permitted him to put in the release relied on in his answer. The plaintiff then offered evidence showing that the release was obtained by fraud. The defendant objected to this evidence, under the pleadings, but it was admitted; and the court found that said release was obtained by the defendant by fraud, and was void.

We are of opinion that the evidence was rightly admitted. The practice act provides that "no further pleading shall be required after the answer, except by order of the court as hereinafter mentioned. But the plaintiff may demur to the answer; and, if the answer contains any new matter in avoidance of the action, such new matter shall be deemed to be denied by the plaintiff; or the court may on motion of the defendant require the plaintiff to reply thereto, and to state whether he admits or denies any, and, if any, what part thereof. The plaintiff may without such order file, at any time before trial, a replication to the answer, clearly and specifically stating any facts in reply to the new matter therein." Pub. Sts. *c.* 167, § 24.

The defendant contends that the meaning of this provision is, that, if the answer sets up any new matter in avoidance of the action, and the plaintiff does not file a replication, he is to be deemed merely to deny the new matter to the same effect as if he had replied traversing it; and that he cannot avail himself of any facts ·by way of discharge or avoidance of the new matter, unless he files a replication. The natural construction of the language and the history of the legislation upon the subject show that this is not the intention of the statute.

The original practice act of 1851 contained express provisions as to the conduct of the pleadings after the answer. It provided that, if the answer set up any new matter in avoidance of the action, the plaintiff should within twenty days file a replication, either denying the new matter or alleging any substantive facts by way of avoidance of it; otherwise a nonsuit should be entered. St. 1851, c. 233, § 28. In the following year, these' provisions were repealed, and, in place of them, provisions were adopted in substantially the same form as those above quoted. St. 1852, c. 312, § 19. It is clear that the Legislature intended to change, not to reënact, the provisions of the St. of 1851. The provision that "no further pleading shall be required after the answer, except by`order of the court," is general; and covers pleadings setting up facts by way of avoidance of any new matter in the answer, as well as those traversing it. The Legislature undoubtedly considered that the rights of defendants would be sufficiently protected by giving the court authority to order a replication to be filed whenever justice required it.

The provisions of the St. of 1852 have been retained in the General Statutes and in the Public Statutes without any change in the legal effect. Gen. Sts. c. 129, § 23. Pub. Sts. c. 167, § 24. And we are of opinion that, under the pleadings in the case before us, it was competent for the plaintiff to show that the release set up in the defendant's answer was obtained by fraud.

The defendant offered in evidence a letter of one Richardson, which was rejected by the court. We can see no ground upon which it was admissible. The declarations contained in it were declarations of a stranger to the suit, not under oath, and not

shown to be connected with the plaintiff, real or nominal, in any such way as to make his statement admissible.

*Exceptions overruled.*

*W. A. Gile*, for the defendant.

*G. M. Woodward & F. A. Gaskill*, for the plaintiff, were not called upon.