DORA C. BROOKS *vs.* JOHN A. DUGGAN.

Suffolk.    March 29, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Bill of Sale — Receipt — Evidence — Res Gestæ.*

Bills of sale of personal property, purchased by one for another and delivered when the price was paid, and receipts for payments thereon, each reciting the name of such other person as the purchaser and signed by the seller, were *held* to be competent evidence, as part of the *res gestæ*, to show for whom the purchase was made and the money paid, there being other evidence of the sale and of the payment of the money.

REPLEVIN of two horses, a wagon, and other personal property. Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, which so far as material was as follows.

The plaintiff testified, in substance, that in June, 1884, one of the horses was bought for her by her father, Russell T. French, with money he owed her previous to her marriage; that the other horse was bought by her father in December, 1884, and was given to her by him ; and that the wagon was purchased for her in June, 1884, by her father, with her money. On cross-examination, she testified that the wagon was purchased with money which her father owed her previous to her marriage, and was for use in her husband's business. She admitted that she was not present in person at any of the purchases, and did not pay any of the money in person.; and that she permitted her husband to use the horses and wagon in his business as he pleased, she paying neither for the care nor for the repairs of the same.

Russell T. French testified that the plaintiff and himself went to one Britton of Stoughton, and one of the horses was purchased by him for her, the money being paid by her; that he could not tell whether a bill was then given ; that subsequently on three different occasions he gave money to the plaintiff, and accompanied her to Britton when she paid the same to him; and that he could not give the dates nor the amount paid each time, except that the last amount was about sixty dollars. Two receipts were produced, which he testified were given to the plaintiff on those occasions, for the money paid at the time of the respective receipts. One of these receipts was dated at Stoughton, May 7, 1887, and signed by Britton, and recited that he had " received of Mrs. Dora C. Brooks twenty-five $\frac{}{100}$ dollars on acct. of bay horse"; and the other, also signed by Britton, was also dated at Stoughton, July 25, 1887, and recited that he had " received of Dora C. Brooks fifty-four $\frac{42}{100}$ dollars, balance due on bay horse." The judge admitted these receipts against the defendant's objection, and the defendant excepted.

French also testified that in the same year he purchased of Britton the other horse, giving his note for it, which he subsequently paid, and that he gave the horse to the plaintiff. A bill of sale, which French testified was given to him for the horse, for the price of which he gave his note, although he did not testify whether it was received by him before or after the payment of the note, was admitted by the judge, and was as

follows: " Stoughton, Mass., Dec. 10th, 1886.   Mrs. Dora C. Brooks, To L. G. Britton, Dr.   Livery, Sale, and Feed Stable. One bay horse, $120.   Rec'd payment, L. G. Britton." The bill of exceptions did not recite that the defendant objected to the admission in evidence of this bill of sale, or alleged an exception to its admission.   French also testified that he purchased the wagon in question, for the plaintiff, of one Clark, and that a bill of sale was given to him by Clark for money paid for the same by him, which bill was as follows: " Brighton, June 30th, 1887.   Dorah C. Brook, bought Clark, one two-horse wagon, one hundred dollars.   Paid, S. C. Clark." The plaintiff offered this bill in evidence, and the judge admitted it against the defendant's objection, and the defendant excepted.

The plaintiff did not offer either Britton or Clark as a witness to testify as to the receipts or bills of sale, nor account for their absence.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. F. Naphen*, for the defendant.

*W. B. Orcutt*, for the plaintiff.

FIELD, J.   It may be conceded that the receipts and the bills of sale were not competent evidence of the payments of money, or of the purchases of the horse and of the wagon, because they were not signed by the defendant, but by persons who are not parties to the suit.   *Commonwealth* v. *Cannon*, 97 Mass. 337. *Lyon* v. *Manning*, 133 Mass. 439.   *McAvoy* v. *Wright*, 137 Mass. 207.

There was, however, independent evidence that the horse and the wagon described in the bills of sale had been purchased, and that the sums of money described in the receipts had been paid. There was evidence that each of the receipts was given when the money was paid, and apparently the receipted bill of sale of the wagon was delivered when the price was paid.   If it be doubtful when the bill of sale of the horse was delivered, it is enough to say that it does not appear that any exception was taken to the admission of this.   When receipts and bills of sale are delivered as parts of a transaction, they may be admissible to show the intention of the parties to the transaction, so far as the intention expressed in the papers tends to qualify or char-

acterize the acts done.    The papers are a part of the *res gestæ.*
We think that the receipts and bills of sale in this case were
competent evidence tending to show the person for whom the
purchases were made and the money was paid.    See *Carmarthen
& Cardigan Railway* v. *Manchester & Milford Railway*, L. R.
8 C. P. 685 ; *Haynes* v. *Rutter*, 24 Pick. 242.

*Exceptions overruled.*