BESSIE SILVERSTEIN *vs.* CHARLES P. O'BRIEN.

Suffolk.    March 11, 1896. — April 1, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Conversion — Hearsay.*

At the trial of an action against a constable for the conversion of goods attached by him on a writ against the father of the plaintiff, the only question being whether the goods belonged to the plaintiff or to his father, unsworn declarations of third persons who have no relation to the defendant or to the controversy before the court, are inadmissible in evidence as against the defendant, as they are in the nature of hearsay.

TORT, for the conversion of personal property. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, the nature of which appears in the opinion.

*C. P. Sullivan*, for the defendant.

*P. Tworoger*, for the plaintiff.

KNOWLTON, J. The defendant is a constable, and is sued for the conversion of a small stock of goods which he attached on a writ against the plaintiff's father. The only question in issue at the trial was whether the goods belonged to the plaintiff or to her father. To corroborate her testimony that she owned the property, and to establish her title, the plaintiff was allowed to put in evidence sundry papers purporting to be receipts for rent paid for the premises where the goods were kept, signed by former owners of the real estate, and reciting that the rent was received from her.

If we assume in favor of the plaintiff that proof of her payment of the rent of the place where the stock of goods was kept would be competent evidence to show her title, we are of opinion that the receipts were wrongly admitted. They were nothing more than unsworn declarations of third persons, who had no relation to the defendant nor to the controversy before the court. They were of the nature of hearsay, and were incompetent as against the defendant. *Commonwealth* v. *Cannon*, 97 Mass. 337. *Lyon* v. *Manning*, 133 Mass. 439. *McAvoy* v. *Wright*, 137 Mass. 207. *Brooks* v. *Duggan*, 149 Mass. 304.

We cannot say that they did not affect the verdict of the jury. The reasonable inference is that they were given weight in the decision.

*Exceptions sustained.*