HORATIO N. ALLIN *vs.* CHARLES WHITTEMORE.
CHARLES WHITTEMORE *vs.* HORATIO N. ALLIN.

Middlesex.   March 11, 1898. — May 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Sale — Evidence — Statute of Frauds.*

If, at the trial of an action for the price of goods sold by the plaintiff to the defendant, the plaintiff has testified as to the contract of sale agreed upon in a conversation between him and the defendant's agent, and its subsequent ratification by the defendant, testimony in corroboration of such conversation is admissible.

Where, at the trial of an action for the price of certain horses sold by the plaintiff to the defendant, there is evidence that after a delivery of some of the horses the defendant paid money to the plaintiff, and the plaintiff gave a receipt for "eleven hundred dollars as a loan and horses to be considered as security when delivered unless sale is made," a request for a ruling that no sale could be shown of earlier date than the writing, and that by the terms of the writing the delivery of the horses was as collateral security, and not in pursuance of a sale, is properly refused.

At the trial of an action for the price of horses sold by the plaintiff to the defendant, a witness for the defendant, for the purpose of showing that the delivery of the horses was not in pursuance of a completed sale, testified that at the time of the delivery of some of the horses he asked directions from the plaintiff, and that the plaintiff assumed authority on his own part to give directions. *Held,* that for the purpose of contradicting this witness it was competent for an expressman who had been sent by the plaintiff to the defendant for the trunks containing blankets, harnesses, etc., to testify that the previous witness had refused to give them up, and had said that the defendant wanted them to go with the horses.

When, in an action for the price of horses sold by the plaintiff to the defendant in pursuance of a contract of sale made between the plaintiff and an agent of the defendant, the agent in his testimony contradicts the plaintiff and denies the sale, evidence of conversations in which he stated that he bought the horses for the defendant, and that the defendant owned them, is admissible for the purpose of contradicting him.

It is not necessary, before contradicting the testimony of a witness produced by the other side by proof that he has said something inconsistent with it, to call his attention to the occasion and give him a chance to explain.

At the trial of an action for the price of goods sold by the plaintiff to the defend-

ant, in which the answer is a general denial, the correctness of a refusal to rule that the case is within the statute of frauds is unnecessary to be considered if the jury find that there was evidence of a delivery and acceptance of the goods by the defendant.

TWO ACTIONS OF CONTRACT, one for the price of horses alleged to have been sold by the plaintiff to the defendant, and the other a cross action for the board of the same horses from the time of the alleged sale and delivery to the date of the writ. The writ in the second case was dated November 25, 1896. The answer in the first case was a general denial.

The cases were tried together in the Superior Court, before *Braley*, J., and a verdict was returned for Allin in each case. Whittemore alleged exceptions. The material facts appear in the opinion, and in a note by the reporter.

*S. J. Elder & W. C. Wait*, for Whittemore.

*G. L. Mayberry*, for Allin.

HOLMES, J. These are two actions, one for the price of horses alleged to have been sold, the other a cross action for the board of the same horses, etc., from the time of the alleged sale and delivery to the date of the writ. The plaintiff Allin testified to an agreement with one Hayden, a trainer employed by the defendant Whittemore, and speaking on his behalf, by which Whittemore was to take the horses at four hundred and fifty dollars a head, subject to adjustment as to more than half of them, which were to come from the west, and had not been seen by the defendant. The plaintiff testified that this agreement was stated by Hayden to the defendant, and that the latter said, " Yes, that is as I understand it, whatever Frank agrees to I will carry out," and that the plaintiff said, " The stock is yours." Afterward the horses were delivered to the defendant. This story was contradicted, but Allin got a verdict in both suits, and the cases are here on exceptions. Those in the suit against Allin are to the admission of evidence also excepted to in the suit by him, so that all the questions are raised in the suit by Allin for the price under the alleged sale.

The first exception is to allowing another witness to corroborate the plaintiff's account of the conversation between himself and Hayden. The plaintiff's testimony just stated, as to what the defendant said later, is evidence that Hayden's agreement

was either authorized or ratified, and therefore the evidence was competent.

At a later date the plaintiff had some money from the defendant, for which he gave a written receipt: " Received of Mr. Charles Whittemore, Esq., the sum of eleven hundred dollars as a loan and horses to be considered as security when delivered unless sale is made." It is suggested also that the conversation contradicts the writing, and rulings were asked to the effect that no sale could be shown of earlier date than the writing, and that by its terms the delivery of the horses was as collateral security, and not in pursuance of a sale. Such is not the effect of the document. What it does purport to establish is that the money is received as a loan, and that, if for any reason the sale does not go through, the horses, which otherwise will be held by Whittemore as purchaser, shall be held by him as security. The writing does imply an uncertainty, and no doubt Whittemore had the benefit of the fact at the trial, but it does not establish or purport to establish what the nature of the uncertainty was, — whether it arose from no bargain having been made, or from the possibility that the western horses, to which alone, it might be found from Whittemore's testimony, the writing referred, would not be up to Allin's representations, or that some of them might be killed. The writing equally implies that, if the sale did go through, the so called loan was to become a payment of part of the price. It should be added that the delivery of the western horses was more than a week later than the date of the writing. The jury, believing as they did the plaintiff's account of his conversations with Hayden and the defendant, perhaps would have been warranted, if it had been necessary, which it was not, in carrying the agreement forward to the last act done in pursuance of it.

A brother of the defendant testified to an interview with the plaintiff at the time of the delivery of some of the horses, in which he asked directions from the plaintiff, and the plaintiff assumed authority on his own part to give directions, — evidence put in of course as tending to show that the delivery was not in pursuance of a completed sale. To meet this, an expressman who was sent to the defendant by the plaintiff for the trunks, containing blankets, harnesses, boots, etc., which had been sent

with the horses, was allowed to testify that the previous witness refused to give them up, and said that they wanted them to go with the horses. We see no ground for doubt that this tended to contradict the testimony of the previous witness. The language implied that his party owned the horses. If this was his understanding, it is unlikely that he would have asked or accepted directions from the plaintiff on the footing that the latter was the owner.

Hayden contradicted the plaintiff Allin, and testified in substance that there was no sale. Evidence properly was admitted to contradict him by showing that he had said that he had bought the horses for Whittemore, and that Whittemore owned them. The testimony of one Harris * is objected to particularly, but we do not see in what material way it differs from the rest. It is not necessary, before contradicting the testimony of a witness produced by the other side by proof that he has said something inconsistent with it, to call his attention to the occasion and give him a chance to explain. Pub. Sts. c. 169, § 22.

The defendant asked the court to rule that the statute of frauds was a defence. This was refused, on the ground that that defence was not open on the pleadings. It is not necessary to consider whether the ruling was correct, because the court instructed the jury that Allin could not recover unless the horses were delivered to the defendant and accepted by him in pursuance and in performance of the alleged contract. There was evidence of delivery and acceptance, and if they were found by the jury, as they must have been, the statute was satisfied.

*Exceptions overruled.*

---

* Harris was asked whether anything was said by Hayden as to who owned the horses, and answered that there was.

"*Q.* What was it? . . .

"*A.* He said at the time she got shut out, said to one of the boys — I says to one of the boys as I was walking by, I says, ‘ Well, you got the banner, I see.’ He says, ‘ Yes.’ ‘ I heard Hayden say, ‘ Well, never mind, the entrance fee is all paid and Mr. Whittemore can stand it.’ "