CLARA A. CUSHING *vs.* FREDERICK J. CUSHING.

Essex.   November 7, 1901. — November 26, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & LORING, JJ.

*Divorce.   Practice, Civil.*

A libel for divorce charged in one count desertion and in another adultery.  At the trial, the libellee by permission of the court rested his case on the issue of adul-tery upon the evidence introduced by the libellant, and took the stand as a wit-ness on the issue of desertion.   The libellant attempted to cross-examine him on the issue of adultery but was not allowed to do so.   *Held*, that the exclusion was right.   The two counts were for separate causes of action, and the election of the libellee to rest on one count upon the evidence introduced by the libellant closed the case on that count.   After that, the libellant had no right to put in any evidence on the issue of adultery unless the judge in his discretion allowed it to be reopened.   Whether in such a case the libellee has a right to rest on one count and go into evidence on the other, unless permitted by the judge in his discretion to do so, was not considered, as here the judge permitted it.

LIBEL FOR DIVORCE, charging in one count desertion and in another adultery, filed December 29, 1898.

At the trial in the Superior Court, before *Pierce*, J., the libel-lee requested a ruling that there was no evidence to justify a finding of adultery.   The judge ruled that he would permit the libellee to rest upon that count.   Thereupon the libellee did so,

and took the stand as a witness to testify as to desertion, his counsel examining him only on that issue. The libellant attempted to cross-examine him on the issue of adultery, and the judge excluded the questions, the libellant excepting.

The judge found that the libellant had not supported her allegations on either count of the libel, and ordered the libel dismissed; and the libellant alleged exceptions.

*W. H. Niles,* for the libellant.

*H. F. Hurlburt,* (*D. E. Hall* with him,) for the libellee.

LORING, J. In this case the two counts were for separate causes of action. In such a case, the election of the libellee, to rest his case on one count upon the evidence introduced by the libellant, closes the case on that count; after that has been done the libellant has no right to put in any evidence on that case, unless the court in its discretion allows it to be reopened. The continuance of the trial on the other count does not enlarge or affect the libellant's right to put in evidence on the case that has been closed.

It is not necessary to consider whether the libellee in such a case has a right to rest on one count and go into evidence on the other count; if that is a matter within the discretion of the court, it is enough that in this case the court exercised its discretion in favor of the libellee.

*Exceptions overruled.*