## H. EMMA RILEY *vs.* BRADSHAW S. TOLMAN.

Middlesex.    January 20, 1902. — May 20, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Attachment.    Evidence.    Witness.*

In an action against a deputy sheriff for attaching personal property on a milk farm conducted by the plaintiff, a married woman, the plaintiff had given notice to the defendant under Pub. Sts. c. 161, §§ 42, 43, to remove the property without delay.    The officer removed it to a certain barn, and the plaintiff contended that this removal was not good in law because the barn was on her premises. The defendant's return stated, that he had removed the property to a place of safe keeping, and he testified that the barn belonged to and was occupied by one H. the owner of the farm.    The plaintiff's husband testified, that he managed the milk business for his wife and hired the farm including the barn.    *Held,* that there was no evidence that the barn was on premises hired by or belonging to the plaintiff, or that she occupied it.

In an action against a deputy sheriff for the conversion of the plaintiff's goods attached by him, in which the plaintiff's title was not in dispute, the plaintiff offered in evidence receipts signed by the attaching creditor acknowledging payment for the goods by the plaintiff. . The evidence was excluded.    *Held,* that the evidence properly was excluded as immaterial, and that it was not necessary to consider whether, if the plaintiff's title had been in dispute, it would have been admissible.

In an action by a married woman, her  husband was a witness for her and was asked on cross-examination, whether he had not a few days before in the trial of another case testified contrary to the testimony which he gave on his direct examination, and was allowed to answer.    The court assumed in deciding the case, that the witness's testimony on his direct examination was true.    *Held,* that so far as the questions put and the answers given tended to contradict the witness they were admissible, and whether the cross-examination went further than that was immaterial.

TORT by a married woman, carrying on a milk business, against a deputy sheriff, with a count for the conversion of, and another count for unlawfully taking and carrying away, certain cows, horses, wagons, hay, straw and other property belonging to the plaintiff, with a third count for failure to remove the keeper and property without delay after notice to do so and for continuing to occupy the premises of the plaintiff after a reasonable time. Writ dated December 18, 1899.

In the Superior Court *Sherman,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*H. Dunham*, for the plaintiff.

*G. L. Mayberry*, for the defendant.

LATHROP, J.   The defendant, a deputy sheriff, attached on mesne process certain personal property of the plaintiff on two writs, one in favor of Joseph L. Harding* and the other in favor of John R. Farnum, and appointed a keeper of the property. The attachment on the first writ was made on December 12, 1899, and that on the second writ on December 16, 1899.   The day before the last attachment, the plaintiff gave the defendant notice to remove the keeper and the property without delay, in accordance with the Pub. Sts. c. 161, §§ 42, 43.   Subsequently the defendant moved the property, and the plaintiff admitted at the trial that there was no unreasonable delay in moving it, if it was moved at all.

The contention of the plaintiff was that the property was moved simply from one part of her premises to another.   The return of the defendant sets forth the receipt of the notice, and proceeds as follows : " and on December 16th in accordance with said notice, I removed said property to a place of safe keeping, and hold the same to respond to the judgment of this suit."   This was at least prima facie evidence of the fact of removal.   *Livermore* v. *Bagley*, 3 Mass. 487, 513.   *Bruce* v. *Holden*, 21 Pick. 187, 189.   *Lothrop* v. *Ide*, 13 Gray, 93.   *Whitehead* v. *Keyes*, 3 Allen, 495, 498.   *McGough* v. *Wellington*, 6 Allen, 505.

The defendant, who was called as a witness by the plaintiff, testified that he received the notice late in the evening of December 15, and moved the hay, the cattle, the pung, the harnesses and the straw into Harding's barn, and the rest of the goods to Farnum's place; and that he sold them all on May 18, 1900.   He also testified that the barn belonging to Harding was on the Lowell Grove farm ; that this farm belonged to one Bigelow, as trustee, and was in charge of one Viles ; that Harding had the occupation of the barn ; and that Harding was not living on the farm at this time, but had some of his property in this barn, though nothing of any great value.

The plaintiff did not testify as a witness, and the only other witness on this point was the plaintiff's husband, who testified that he hired the Lowell Grove farm from Harding, and managed

---

* See *ante*, 334.

the milk business for his wife there, and that the barn to which some of the property was removed, was on the premises hired by him.

On this evidence the judge rightly ruled that the action could not be maintained. There was no evidence that the Harding barn was on premises belonging to, or hired by, the plaintiff. Nor was there any evidence that she occupied it.

Some questions of evidence remain to be considered. The plaintiff offered in evidence two receipts from Harding to her for money paid for some of the attached property. These were excluded, and the plaintiff excepted. We need not consider whether under other circumstances than existed in this case they would have been admissible, (see *McAvoy* v. *Wright*, 137 Mass. 207, 209; *Brooks* v. *Duggan*, 149 Mass. 304, and *Silverstein* v. *O'Brien*, 165 Mass. 512,) because her title to the property covered by the receipts was not in dispute. The receipts were entirely immaterial.

The plaintiff's husband was asked some questions on cross-examination for the purpose of showing that a few days before, in the trial of another case, he had testified contrary to the testimony which he gave on direct examination in the present case. So far as the questions put and the answers given tended to contradict him they were clearly admissible. *Allin* v. *Whittemore*, 171 Mass. 259. Whether the cross-examination went further than this is immaterial, as the case was taken from the jury, and we have assumed, in deciding the principal question in the case, that his testimony on direct examination was true.

*Exceptions overruled.*