GEORGE KALIAMOTES *vs.* S. P. WARDWELL.

Androscoggin.    Opinion January 19, 1914.

*Attachment.    Conversion.    Declaration of Third Party.    Evidence.    Title.
Trover.*

1.  If the bill of parcels be considered a declaration of a third party against interest, as it would undoubtedly have been if receipted, it was not admissible, as it was not shown that the declarant was dead.

2.  It is not competent to prove the declaration of a person not a party to the suit as to his motive or intent concerning an act of his own, unless the declaration be a part of the act and explanatory of it.

3.  When the title to personal property is in question between third parties, mere declarations of the alleged vender unaccompanied by any acts, are not admissible in evidence.

On motion and exceptions by the defendant. Motion not considered. Exceptions sustained.

This is an action of trover against the defendant, a deputy sheriff, to recover damages for the conversion of four hundred and eighty-five bunches of bananas of the value of $251.40, which were attached by him September 2, 1912, on a writ in favor of G. B. Johnson & Company and against one Arthur Babalais. The defendant pleaded the general issue and "by way of a brief statement" stated that he took into his possession only 260 bunches of bananas,

the title and possession of which were at the time of the alleged conversion, in one Arthur Babalais, and not in the plaintiff. At the trial in January, 1913, to prove title in himself, the plaintiff offered in evidence a bill of parcels of bananas, substantially like the bill in the writ. This bill was made out against the plaintiff and purported to be by the "Boston Fruit Supply Co.," and bore date August 29, 1912. The presiding Justice admitted this bill in evidence, to which the defendant excepted. The jury returned a verdict for the plaintiff for $255.03, and the defendant filed a motion for a new trial.

The case is stated in the opinion.

*McGillicuddy & Morey,* for plaintiff.

*Tileston E. Woodside,* for defendant.

SITTING: SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

BIRD, J. The plaintiff seeks in this action of trover to recover damages for the alleged conversion of a quantity of bananas. In defense the defendant claimed that the title to the bananas was, on the day of the alleged conversion, not in plaintiff but in one Babalais and that upon a writ against the latter he, as deputy sheriff, attached them while in the basement of the store of Babalais. At the trial in January, 1913, for the purpose of proving title to himself, the plaintiff testified that he ordered the goods by a letter, not produced, some days before their alleged receipt by him, of the Boston Fruit Supply Co., and, in corroboration, offered in evidence a bill of parcels of bananas, the description and quantity of which were substantially as in his writ. This bill was made out against the plaintiff upon a bill head purporting to be that of the "Boston Fruit Supply Co., Boston, Mass.," and bore date August twenty-ninth, 1912. It was identified by plaintiff alone as the bill of parcels of the goods in dispute. An envelope postmarked "Boston, Mass., Aug. 31, 1912, 4 P. M.," in which it was claimed that the bill was mailed to plaintiff, was introduced. The plaintiff further testified that at or about the time the attachment was made he exhibited both bill and envelope to the defendant and that they were the subject of conversation between them. To the introduction of the bill in evidence, defendant objected and, upon its admission, had exceptions.

If the bill of parcels be considered a declaration of a third party against interest, as it would undoubtedly have been if receipted, it was not admissible as it is not shown that declarant was dead. It is the declaration of one who is neither party nor witness—res inter alios acta. *Rice* v. *Perry,* 61 Maine, 145, 152; see *Silverstein* v. *O'Brien,* 165 Mass., 512, 513. Clearly, however, the statement of account was not a declaration against interest but the contrary rather.

If it may be considered as a declaration accompanying the transaction under consideration by the court, the alleged sale by the dealer in Boston to plaintiff, and upon this ground we understand its admision to have been based, there is no evidence in the case showing that the preparation and mailing of the bill of parcels accompanied any act on the part of the alleged vendor. Plaintiff testifies that the alleged vender shipped to him the goods enumerated in the bill of parcels but the date of either shipment or receipt is lacking. The attachment appears to have been made on Monday, September 2, 1912; the bill of parcels was mailed on Saturday, August 31, 1912, at 4.30 in the afternoon, and is dated August 29, 1912, (Thursday). Plaintiff testifies that he placed the goods in the basement where they were attached on Wednesday. Assuming, as most favorable to plaintiff, that the Wednesday indicated was that next preceding—August 28th—the goods could not have been shipped from Boston later than Tuesday, August 27, 1912, and might have been forwarded at a still earlier date. The act of setting apart and shipping the goods therefor preceded the making of the bill of parcels, assuming it correctly dated, by at least two days and its mailing by four days.

It is not competent to prove the declaration of a person not a party to the suit as to his motive or intent concerning an act of his own, unless the declaration be a part of the act and explanatory of it: *Cushing* v. *Friendship,* 89 Maine, 525, 530; see also *State* v. *Maddox,* 92 Maine, 348, 352; *Atkinson* v. *Orneville,* 96 Maine, 311, 313-314; *Barnes* v. *Rumford,* 96 Maine, 315, 323; *Hudson* v. *Charleston,* 97 Maine, 17, 19-20; *Knox* v. *Montville,* 98 Maine, 493, 494. The cases cited indicate the strictness with which the contemporaneousness of the declaration with the act is insisted upon.

In *Greene* v. *Harriman,* 14 Maine, *32,* it is held that where the title to personal property is in question between third parties, mere declarations of the alleged vendor unaccompanied by any acts, are not admissible in evidence.

We are unable to say that the admission of the evidence, to which objection was made, did not affect the verdict of the jury. The reasonable inference is otherwise. As the exceptions must be sustained, the motion for new trial is not considered.

*Exceptions sustained.*