DORA SHACHOY *vs.* CHEVROLET MOTOR COMPANY.

ABRAHAM SHACHOY *vs.* SAME.

LENA DIAMONDS *vs.* SAME.

MARY DIAMONDS *vs.* SAME.

RITA DIAMONDS *vs.* SAME.

Middlesex.    November 2, 3, 1931. — October 26, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Negligence,* Of manufacturer of motor vehicle.    *Evidence,* Competency.

In the declaration in an action of tort by the owner of a Chevrolet auto-
mobile against a corporation called the Chevrolet Motor Company
for personal injuries and damage to the automobile sustained when it
ran into a tree because of a defective steering gear, the plaintiff averred
that the defendant was the manufacturer of the automobile.    At the
trial there was evidence that the plaintiff bought the automobile in
1927 from a "Chevrolet Associate Dealer" for cash and notes under
a contract of conditional sale and that the contract and notes were
turned over by the dealer to an acceptance corporation.    No other
evidence was admitted to show that the defendant had anything to
do with the manufacture of the automobile and there was no evi-
dence that either the dealer or the acceptance corporation bore any
relation to the defendant.    A verdict was ordered for the defendant.
*Held,* that

(1) It could not be inferred from the name of the automobile that
it was manufactured by the defendant;

(2) Upon the evidence, a finding was not warranted that the de-
fendant was the manufacturer of the automobile;

(3) The verdict rightly was ordered.

At the trial of the action above described, it appeared that the contract
of conditional sale between the plaintiff and the dealer was in dupli-
cate and that each party thereto originally signed one duplicate and
gave it to the other party.    The duplicate originally signed by the
dealer was in evidence.    The other duplicate, which appeared to have
been signed by both parties and bore certain recitals in regard to the
transaction which did not purport to be part of the contract between
the plaintiff and the dealer and were not shown to have been agree-
ments made by the defendant, was offered in evidence by the plain-
tiff and was excluded subject to the plaintiff's exception.    *Held,* that
the exception must be overruled, the recitals on the duplicate ex-
cluded being hearsay and it not appearing that, so far as that dupli-

cate tended to prove the contract of conditional sale, its exclusion harmed the plaintiff.

The assistant secretary of the acceptance corporation above referred to, who had supervision of its records, testified that it was not a manufacturing corporation engaged in making automobiles, but was a financing corporation; that all he knew was what concern it did business with in the financing of automobiles; that in 1927 conditional sale contracts of Chevrolet automobiles, which were financed, came under his direction, but that he had no record of the automobile in question except the instrument which was excluded; that he knew where the automobile came from only "from the statement set forth in the contract"; that he did not see it "manufactured or assembled" and did not know where it was "manufactured," and knew where it was "assembled" only from the ordinary course of business, more specifically only from the serial number. *Held,* that

(1) It was proper to strike out testimony by such witness that a manufacturer's serial number of a Chevrolet sedan beginning with the number and letters such as were borne by the plaintiff's automobile indicated "to everybody" that it "was assembled . . . by" the defendant, such testimony being hearsay only;

(2) It was proper to refuse to permit the same witness to testify whether such a serial number was "a well recognized number among those dealing in Chevrolet automobiles as indicating where the automobile came from" and "by whom it was assembled";

(3) In view of the testimony of such witness as to the extent and sources of his knowledge of the manufacturing and assembling of automobiles, the exclusion of the question, "Did anyone manufacture Chevrolet automobiles in 1927 except the Chevrolet Motor Company," was not erroneous;

(4) The exclusion of questions, whether the sale of the automobile to the plaintiff and the contract relating thereto came under the charge of such witness, was not prejudicial to the plaintiff.

FIVE ACTIONS OF TORT for personal injuries sustained when an automobile, alleged to have been manufactured by the defendant, ran into a tree because of a defective steering gear. Writs dated July 12, 1927.

In the Superior Court, the actions were tried together before *Dillon,* J. Material evidence and rulings by the trial judge are described in the opinion. The judge ordered a verdict for the defendant in each action. The plaintiffs alleged exceptions.

*G. P. Beckford,* for the plaintiffs.

*E. J. Sullivan,* for the defendant.

FIELD, J. In these five actions of tort against the Chevrolet Motor Company, the plaintiffs seek to recover

compensation for personal injuries received by them when an automobile in which they were riding struck a tree. The plaintiff Dora Shachoy seeks also, as owner of the automobile, to recover compensation for damage to it. The declarations allege that the automobile was manufactured by the defendant, and that the accident resulted from a latent defect therein. Verdicts for the defendant were directed on its motions and the plaintiffs excepted. There are also exceptions by the plaintiffs to the admission and exclusion of evidence.

1. The verdicts were directed rightly since the evidence did not warrant a finding that the defendant manufactured the automobile, in the sense of assembling it, or in any other sense.

There was evidence that in May, 1927, the plaintiff Dora Shachoy bought an automobile, a new Chevrolet sedan, motor number 3320741, and manufacturer's serial number 2 AA48634, from Henry W. Conway, a "Chevrolet Associate Dealer" in Somerville, whose "business was selling Chevrolet cars wherever he could"; that a written agreement of conditional sale in duplicate was signed by the parties to the transaction, each of them signing one instrument; that this plaintiff made an initial payment; and that several days later Conway obtained the automobile from the Commonwealth Chevrolet Company of Boston and delivered it to this plaintiff, who made a further payment to Conway and signed a note or notes payable in monthly instalments for the balance of the purchase price, which Conway turned over to the General Motors Acceptance Corporation with the written agreement signed by her. No other evidence was admitted tending to show that the defendant had anything to do with the manufacture of this automobile. It was not shown that either Conway or the General Motors Acceptance Corporation bore any relation to the defendant. Nor could it have been inferred from the name of the automobile that it was manufactured by the defendant. Upon the evidence, therefore, the defendant could not have been found to have been its manufacturer. No such question was

before this court in *Hirst* v. *Chevrolet Motor Co.* 261 Mass. 155. Since the evidence must be considered in its aspect most favorable to the plaintiffs, we reach our conclusion on this branch of the case without regard to the testimony, adverse to their contention, that the General Motors Corporation manufactures all Chevrolet automobiles, and is a "separate and distinct corporation" from the defendant, which is a "selling organization."

Whether verdicts were properly directed on other grounds need not be considered.

2. There was no reversible error in the exclusion or admission of evidence.

There was testimony that the written agreement of conditional sale of the automobile between the plaintiff Dora Shachoy and Conway was in duplicate and that each party thereto originally signed one instrument and gave it to the other party. The instrument originally signed by Conway was in evidence. The other instrument, which by that time had been signed by both parties, was offered in evidence by the plaintiffs and was excluded, subject to their exception. It then bore recitals in regard to the transaction, which did not purport to be part of the contract between the plaintiff Dora Shachoy and Conway, and were not shown to have been made by the defendant. These recitals, being hearsay, were inadmissible to prove the facts recited. *Silverstein* v. *O'Brien,* 165 Mass. 512. They do not fall within the decision of *Brooks* v. *Duggan,* 149 Mass. 304, relied on by the plaintiffs. And it does not appear that, so far as the instrument tended to prove the contract of conditional sale, its exclusion harmed the plaintiffs.

The assistant secretary of the General Motors Acceptance Corporation, who had supervision of its records, testified that it was not a manufacturing corporation engaged in making automobiles, but was a financing corporation; that all he knew was what concern it did business with in the financing of automobiles; that in 1927 conditional sale contracts of Chevrolet automobiles, which were financed, came under his direction, but that he had no record of the automobile in question except the instrument which was ex-

cluded. This witness testified also that he knew where the automobile came from only "from the statement set forth in the contract," that he did not see it "manufactured or assembled" and did not know where it was "manufactured," and knew where it was "assembled" only from the ordinary course of business, more specifically only from the serial number. His testimony that a manufacturer's serial number of a Chevrolet sedan beginning "2 AA" "indicates to everybody" that it "was assembled at Tarrytown, New York, by the Chevrolet Motor Company" was struck out, subject to the plaintiffs' exception. Subject also to their exception the witness was not permitted to testify whether such a serial number was "a well recognized number among those dealing in Chevrolet automobiles as indicating where the automobile came from" and "by whom it was assembled." The evidence was excluded rightly. What the serial number indicated either to "everybody" or to dealers was not material. As bearing on the truth of the matter indicated the testimony at best would be hearsay. But the witness did not purport to testify, and the question excluded did not call for testimony, from his own knowledge that the indications of the serial number were in accord with the fact or that there was any custom of the manufacturer to number automobiles so as to indicate where or by whom they were assembled. In view of the testimony of this witness to the extent and sources of his knowledge of the manufacturing and assembling of automobiles, the exclusion of the question "Did any one manufacture Chevrolet automobiles in 1927 except the Chevrolet Motor Company" was not erroneous. Nor does it appear that the exclusion of questions whether the sale of the automobile to Dora Shachoy and the contract relating thereto came under the charge of this witness was prejudicial to the plaintiffs.

Other exceptions to the exclusion and admission of evidence are disposed of in substance by what has been said, have no bearing upon the disposition here made of the cases, or are treated as waived because not argued.

*Exceptions overruled.*