NELLIE T. SULLIVAN *vs.* PHILLIP G. CUSHING.

Suffolk.   December 8, 1937. — December 10, 1937.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Statute*, Repeal.  *Law of the Road.  Actionable Tort.*

St. 1936, c. 49, abolishing without a saving clause the civil liability
created by G. L. (Ter. Ed.) c. 89, § 5, for violation of §§ 1–4, barred
an action under § 5 pending but untried at the time of its enactment.
Following *Pittsley* v. *David*, 298 Mass. 552.

TORT.  Writ in the Superior Court dated September 1, 1934.

The action was heard without a jury by *Walsh*, J., in
January, 1937.   He ruled that the plaintiff could not re-
cover.   The plaintiff alleged exceptions.

The case was submitted on briefs.

*M. Palais*, for the plaintiff.

*K. C. Parker*, for the defendant.

BY THE COURT.   This is an action of tort whereby the
plaintiff seeks to recover compensation for personal injuries
received in July, 1934, in an accident in this Commonwealth,
while she was a guest in the defendant's automobile.   The
case was referred to an auditor whose finding was that the
conduct of the defendant did not constitute gross negligence
or wilful, wanton, reckless disregard for the safety of the
plaintiff.   He found that the injury of the plaintiff was sus-
tained by reason of violation by the defendant of G. L.
(Ter. Ed.) c. 89, § 4.   The only issue of law involved is
whether St. 1936, c. 49, amending G. L. (Ter. Ed.) c. 89,
§ 5, by striking out the provision for civil liability for viola-
tion of the preceding sections of said c. 89, took away from
the plaintiff her right to recover compensation for injuries
received by her through violation by the defendant of § 4
of said c. 89.   The trial judge rightly ruled that the plain-
tiff could not recover.   The case is governed by *Pittsley* v.
*David*, 298 Mass. 552.

*Exceptions overruled.*