JOSEPH FINNEGAN, administrator, *vs.* CHECKER TAXI COMPANY.

Suffolk.   March 30, 1937. — March 29, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Violation of law, Motor vehicle, In use of way, Causing death.   *Practice, Civil,* Amendment; Judgment; Discretionary control of evidence; Exceptions.   *Law of the Road.   Motor Vehicle,* Operation.   *Actionable Tort.   Carrier,* Of passengers.   *Evidence,* Public record.

An attempt by the driver of an automobile overtaking another to pass to the right in violation of a rule of the Boston traffic commission was evidence of his negligence.

Negligence of the driver of an automobile could be found on evidence that in attempting to drive it through insufficient space between two other vehicles it collided with one of them.

There was no error in allowing an amendment adding to a declaration a count alleging a certain statutory liability after a verdict for the plaintiff on that issue based on sufficient evidence and a proper charge by the judge; and exceptions taken at the trial must be considered by this court as though that count had been in the declaration throughout the trial.

By G. L. (Ter. Ed.) c. 89, §§ 2, 5, the owner of an automobile whose agent in overtaking another vehicle attempted to pass to the right was liable for resulting damage.

Since a verdict for the plaintiff in an action based on G. L. (Ter. Ed.) c. 89, §§ 2, 5, was rendered before the repeal by St. 1936, c. 49, of the clause in § 5 giving a civil remedy, and exceptions brought to this court after the repeal disclosed no error under the law as it was at the time of the trial, it was ordered that judgment be entered on the verdict as of a time before the repeal.

Simple negligence of the driver of a taxicab owned by a corporation which was a common carrier of passengers for hire was insufficient to establish its liability for the death of a passenger under G. L. (Ter. Ed.) c. 229, § 2.

An action based on G. L. (Ter. Ed.) c. 229, § 5, for the death of a passenger in a taxicab could not be maintained against the owner thereof without proof that he was not a common carrier subject to § 2.

Though by G. L. (Ter. Ed.) c. 229, § 6, counts for death and for conscious suffering may be joined, the causes of action are separate.

In an action with separate counts for death and for conscious suffering, upon the defendant's resting on the death count at the close of the plaintiff's evidence, the judge properly might limit the evidence thereafter introduced to matters pertaining to the count for conscious suffering.

An "operating record" from the office of the registrar of motor vehicles, not required by statute to be kept, was not admissible as a public record.

TORT. Writ in the Superior Court dated March 16, 1931.

The action was tried before *Brogna,* J., who reported it to this court, where it was submitted on briefs.

*J. Finnegan, F. J. Madden,* & *T. J. Murphy,* for the plaintiff.

*T. H. Mahony,* for the defendant.

DONAHUE, J. The plaintiff, as administrator of the estate of Mary Geraghty, brought this action to recover damages for the conscious suffering and the death of his intestate. At the trial in the Superior Court the judge directed a verdict for the defendant on four counts in the declaration which alleged liability of the defendant for the death of the plaintiff's intestate. The case was submitted to the jury on two counts alleging liability of the defendant for conscious suffering. There was a verdict for the plaintiff. The judge reported for the determination of this court his direction of a verdict for the defendant on the death counts and other questions raised at the trial by exceptions of the parties.

The decedent entered a taxicab of the defendant at the South Station in Boston. While proceeding toward her destination it came into collision with an automobile. It was agreed by counsel at the trial that the collision took place on a public highway, that the decedent was a passenger for hire

and that the operator of the taxicab was an agent of the defendant acting within the scope of his employment. There was evidence warranting the finding of the following facts with respect to the collision. The taxicab was proceeding along the street in heavy traffic. Just before the collision there were, ahead of the taxicab, a bus, stopped at the right hand curb, and an automobile headed in the same direction as the taxicab, at the left of, and opposite, the bus, the space between those two vehicles being about six feet. The width of the taxicab was a little more than six feet. The operator of the taxicab attempted to drive his vehicle through this space at the left of the bus and at the right of the automobile. There was not room for passage and the taxicab collided with the automobile, the left front wheel of the taxicab becoming locked with the right front wheel of the automobile. As a result of the collision the decedent was thrown from her seat, striking the back of the front seat and injuring her chest. After the vehicles were, with some difficulty, separated, the taxicab proceeded with the decedent to her destination. She suffered from the injury to her chest during the night and in the morning died of a heart attack. There was testimony from a physician called as an expert witness that her experience in the accident tended to accentuate and aggravate a condition present in her body and led to her death more rapidly than it would otherwise have occurred.

1. The defendant's exceptions are first considered.

The plaintiff introduced in evidence without objection the following rule established by the Boston traffic commission: "The operator of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof, and shall not cut in ahead of the latter until safely clear of the overtaken vehicle." A statutory rule of the road (G. L. c. 89, § 2) then in force provided: "The driver of a vehicle passing another vehicle traveling in the same direction shall drive to the left of the middle of the traveled part of a way . . ." and in § 5 it was provided that "Whoever violates . . . [§ 2] shall . . . be liable in an action commenced within twelve months

after the date of such violation for all damage caused thereby." The present action was brought within twelve months of the accident.

The defendant excepted to a portion of the judge's charge to the effect that a violation by the operator of the rule of the Boston traffic commission above quoted would be evidence of his negligence and that a violation of the statute would make the defendant liable "for all damage caused thereby."

The judge did not err in instructing the jury that if a violation of the rule of the Boston traffic commission by the operator of the taxicab were found, this would be evidence for the consideration of the jury on the matter of his negligence. *Milbury* v. *Turner Centre System*, 274 Mass. 358, 361, and cases cited. There was evidence on which such a violation could have been found. Apart from a violation of the rule there was evidence warranting a finding that the operator was negligent. A verdict for the plaintiff was justified on the sixth count of the declaration which alleged that negligence of the defendant's agent or servant resulted in pain and suffering of the plaintiff's intestate.

At the time of the trial there was no count in the declaration asserting a right of recovery for conscious suffering of the plaintiff's intestate based on a violation of the statutory law of the road hereinbefore quoted. G. L. c. 89, §§ 2, 5. The judge, however, instructed the jury that if they found a violation of the statute the defendant was liable for all damage to the plaintiff's intestate caused thereby. After the verdict the judge allowed an amendment to the declaration by the addition of a count for conscious suffering, specifically alleging a violation of the statutory law of the road.

The allowance of the amendment involved a finding by the judge that it would permit the plaintiff to maintain the action for the cause for which it was brought. G. L. (Ter. Ed.) c. 231, § 51. Its allowance was within his discretionary power. *Melanson* v. *Smith*, 282 Mass. 85, 87. He could exercise such power after, as well as before, a verdict. *Pizer* v. *Hunt*, 253 Mass. 321. The declaration having

been properly amended, we must now consider the conduct of the trial and exceptions there taken as if the amendment had been in the declaration originally filed. *Gallagher* v. *Wheeler*, 292 Mass. 547, 551. *Regan* v. *Keyes*, 204 Mass. 294, 305. There was evidence to warrant a finding that the operator of the taxicab violated the law of the road as alleged in the count added to the declaration. Under the law respecting the liability of the defendant as it stood at the time of the trial there was no error in the judge's instruction that if the jury found such a violation the defendant would be liable for damage resulting to the plaintiff's intestate. *Gallagher* v. *Wheeler*, 292 Mass. 547, 555. The defendant's exception to this instruction must be overruled.

The trial was in October, 1935. Sometime after the verdict for the plaintiff on the counts for conscious suffering and before the judge filed his report to this court of exceptions taken by the parties, the Legislature passed an act, St. 1936, c. 49, which struck from G. L. (Ter. Ed.) c. 89, § 5, the language which created a civil liability for a violation of the statutory law of the road. Inasmuch as St. 1936, c. 49, contained no saving clause as to pending actions or existing causes of action, the right of a plaintiff to recover damages in a civil action for a violation of the law of the road no longer existed. *Pittsley* v. *David*, 298 Mass. 552. *Sullivan* v. *Cushing*, 299 Mass. 38. However, at a time when the plaintiff in this case had the right to maintain an action based on such a violation of the statute, there had been a full trial of the issues raised by the parties and the material facts had been settled by a verdict of the jury for the plaintiff. The exceptions taken were all that prevented the entry of judgment for the plaintiff on the counts for conscious suffering, long before the repealing statute was passed. The exceptions of the defendant here presented disclose no error, as the law then stood. In these circumstances we think that justice requires that judgment should now be entered on the verdict for the plaintiff on the counts for conscious suffering as of some date before the passage of St. 1936, c. 49. A *nunc pro tunc* order for judgment on a verdict may properly be entered

where a statute on which liability was founded has been repealed after the verdict. G. L. (Ter. Ed.) c. 235, § 4. *Springfield* v. *Worcester*, 2 Cush. 52, 61, 62. *Whiting* v. *Whiting*, 114 Mass. 494, 496. *Perkins* v. *Perkins*, 225 Mass. 392, 396. *DesLauries* v. *Shea*, *ante*, 30. See *Rosenblum* v. *Ginis*, 297 Mass. 493, 499, and cases cited.

2. The plaintiff excepted to the direction of a verdict for the defendant on four counts in the declaration, numbered 1, 3, 4 and 5, under which he sought to recover damages for the death of his intestate.

The third, fourth and fifth counts all alleged that the defendant was a common carrier of passengers for hire. They respectively stated as the cause of the death of the plaintiff's intestate, the negligence of the defendant corporation itself, the unfitness of its agents or servants, and their gross negligence. These are grounds, and the only grounds, on which a common carrier of passengers, other than a railroad corporation or street railway or electric railroad company, may be found liable for the death of a passenger. G. L. (Ter. Ed.) c. 229, § 2. The evidence did not warrant a finding that any of these statutory bases of liability caused the death of the plaintiff's intestate. The direction of a verdict for the defendant on counts 3, 4 and 5 was not error.

The plaintiff contends that the case should have been submitted to the jury on the first death count which does not allege that the defendant was a common carrier of passengers. It is his contention that the defendant, on the evidence, could be found liable under § 5 of G. L. (Ter. Ed.) c. 229, which in substance provides: "Except as provided in sections one, two and three" a person, who by his own or his servant's or agent's negligence or wilful, wanton or reckless act causes the death of a person, other than an employee, who is in the exercise of due care, shall be liable in damages.

Our statutes imposing a civil liability for causing death were passed at different times and created different classes of liability. They differ in important aspects, among other things, as to the grounds of liability and the rule of dam-

ages, the relationship between a decedent and a defendant, the necessity of the decedent being in the exercise of care and the procedure available for the determination of liability. G. L. (Ter. Ed.) c. 229, §§ 1–5. Section 5 of the statute which the plaintiff here contends to be applicable was the last statute enacted creating a class of liability for causing death. It was not intended by the Legislature in passing § 5 to provide a remedy concurrent with those furnished by §§ 1, 2 and 3. *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8, 16. In order to establish a liability under § 5 of the statute it must be shown by a plaintiff, if it is not apparent on the evidence, that the defendant was one of the class of persons to whom that section applies and not a member of any of the three classes specifically excluded from the operation of § 5. It is apparent that the present defendant was not a municipality or a railroad or street railway and, hence, that §§ 1 and 3 are not here applicable. But a company operating a taxicab at a given time or place, might or might not be a common carrier of passengers. *Haddad* v. *Griffin*, 247 Mass. 369, 371. *Guinevan* v. *Checker Taxi Co.* 289 Mass. 295, 297. There is nothing in the record which indicates that the defendant was not, at the time and place of the decedent's injury, such a common carrier. On the evidence a finding was not warranted that the defendant was one whose liability for causing the death of the decedent was fixed by § 5 of the statute. Since the plaintiff has not shown that § 5 was applicable, there was no error in directing a verdict for the defendant on the first count in the declaration.

3. At the close of the evidence introduced by the plaintiff the defendant rested on the death counts. Its counsel stated that as to the counts seeking recovery for conscious suffering it rested with respect to the matter of liability but would introduce evidence as to damages under those counts. The plaintiff excepted to a ruling of the judge then made to the effect that testimony of witnesses called by the defendant would be limited to the matter of injuries of the plaintiff's intestate under the counts for conscious

suffering. The defendant called as a witness the operator of the defendant's taxicab and examined him as to injuries received by the plaintiff's intestate. Counsel for the plaintiff attempted to cross-examine the witness on the matter of the liability of the defendant. The judge refused to permit such examination and the plaintiff excepted.

Whether a party who has put in his whole case shall be allowed later to introduce further evidence is a matter which rests in the sound judicial discretion of the trial judge. *Morse* v. *Potter*, 4 Gray, 292. *Smith* v. *Merrill*, 9 Gray, 144, 147. *Hathaway* v. *Evans*, 108 Mass. 267. *Commonwealth* v. *Blair*, 126 Mass. 40, 42. *Commonwealth* v. *Meaney*, 151 Mass. 55. Wigmore, Evidence (2d ed.) §§ 1876, 1877, 1878.

As permitted by the statute (G. L. [Ter. Ed.] c. 229, § 6) the plaintiff joined in his declaration, counts at common law for conscious suffering and counts under the statute for the death of his intestate. Notwithstanding the joinder, there were two separate causes of action stated in the declaration. *Gilpatrick* v. *Cotting*, 214 Mass. 426. *McCarthy* v. *William H. Wood Lumber Co.* 219 Mass. 566, 567. *Eldridge* v. *Barton*, 232 Mass. 183. Both parties had rested so far as respects the cause of action represented by the death counts when the question arose as to the effect which might be given to evidence to be later introduced. Both parties chose to rest the case on the death counts upon the evidence already taken. Neither party could thereafter put in further evidence in the case presented by those counts unless through the exercise of the judge's discretion. *Cushing* v. *Cushing*, 180 Mass. 150. The plaintiff did not then or later ask the judge to exercise his discretion and reopen the case for the introduction by the plaintiff of further evidence on the death counts. On the record it cannot be said that the limitations put by the judge on the introduction of evidence on the death counts through witnesses called by the defendant or the refusal to permit cross-examination of the defendant's operator on the matter of liability under those counts constituted an abuse of discretion.

The judge permitted the defendant to rest on the matter of liability under the counts for conscious suffering and to introduce evidence solely on the question of damages. He refused to permit the plaintiff to cross-examine the operator of the defendant's taxicab on the matter of liability. It is not necessary to decide whether the judge could properly make such a division of a single cause of action. In any event the plaintiff was not harmed since the jury found the defendant liable on the counts for conscious suffering.

4. The plaintiff as part of his own case offered certain "papers containing the operating record" of the defendant's operator, which were produced by a clerk from the registry of motor vehicles. The plaintiff contends that the papers were admissible on the matter of the operator's unfitness. They indicated that his license had been suspended and reissued two years before the day of the accident in question; and that after that date his license had been three times suspended and reissued, and he had twice been convicted of violation of the motor vehicle laws. Without pausing to consider whether happenings or conduct of the operator after the day of the accident would be admissible as evidence of his incompetency on that date, we think that the proffered evidence was properly excluded.

The registrar of motor vehicles under the statute may suspend a license "in his discretion and without a hearing" and may reissue it without a hearing. G. L. (Ter. Ed.) c. 90, § 22. The mere fact that a license is suspended and reissued is not ev dence of the incompetency of the operator. The statute requires that the registrar shall keep certain specified records. G. L. (Ter. Ed.) c. 90, §§ 2, 30, 34I. Papers of the character of those offered by the plaintiff do not come within the statutory requirement. They were not admissible in evidence as public records. *Commonwealth* v. *Slavski*, 245 Mass. 405, 417.

The plaintiff while cross-examining the operator sought to introduce in evidence the facts stated in the papers from the registry of motor vehicles above described. Such facts would, at best, be admissible only on the count in the declaration which charged that the death was due to the

unfitness of the defendant's servants or agents.  At the time of the cross-examination of the operator both parties had rested on the death counts.  The exclusion of the evidence offered during the cross-examination of the operator was within the discretion of the judge.

5. The jury returned a verdict for the plaintiff on the conscious suffering counts in the sum of $3,000.  The plaintiff thereafter, in accord with an order of the judge, remitted $1,000 of the amount of the verdict.  Judgment is to be entered for the plaintiff on the conscious suffering counts in the sum of $2,000 as of November 4, 1935.  Judgment is to be entered for the defendant on the death counts.

*So ordered.*