CATHERINE CANNEY *vs.* THEODORE CARRIER.

Norfolk.    November 10, 29, 1955. — December 28, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Evidence,* Public record, Hearsay, Competency.

At the trial of an action for personal injuries sustained through being struck by an automobile, a letter written to the registry of motor vehicles asking questions as to the ownership and description of an automobile with a specified registration number and "received back" from the registry with the answers to the questions inserted was not admissible as a public record and was properly excluded as hearsay on the issue of ownership of the automobile which struck the plaintiff.

TORT for personal injuries.   Writ in the Superior Court dated May 22, 1950.

The action was tried before *Dowd,* J.

In this court the case was submitted on briefs in November, 1955, and afterwards was submitted on briefs to all the Justices.

*John C. Johnston & Howard D. Sharpe,* for the plaintiff.

*Michael J. Dray,* for the defendant.

WILKINS, J.   The plaintiff, while walking across Washington Street, near Winter Street, Boston, on December 6, 1949, was struck by an automobile which was backing.   The judge directed a verdict for the defendant.   At the time of the trial the records of registrations for the year 1949 had been destroyed by the registry of motor vehicles.   The plaintiff argues two exceptions, both to the exclusion of evidence offered on her behalf to prove ownership.

The plaintiff's counsel testified on direct examination that on December 10, 1949, he had written a letter, which he identified, to the registrar of motor vehicles, and that he had "received back" the letter with interlined answers to questions as to the ownership and description of an automobile with the registration number 225262 and bearing a date stamp at the top "Dec 12 1949" and another stamp "Registry of Motor Vehicles" at the bottom.   These answers did not have the support of any witness qualified to say that they represented the contents of the original records.   *Silverstein* v. *O'Brien,* 165 Mass. 512.   *Shachoy* v. *Chevrolet Motor Co.* 280 Mass. 442, 445–446.   See Wigmore, Evidence (3d ed.) § 1277; 10 A. L. R. (2d) 1037.   The answers constituted hearsay and did not fall within any recognized exception.   *Lyon* v. *Manning,* 133 Mass. 439, 440–441.   *Runels* v. *Lowell Sun Co.* 318 Mass. 466, 470.   *Tobin* v. *Boston Herald-Traveler Corp.* 324 Mass. 478, 485.   The letter with the interlineations obviously was not among the records which the registrar is required by statute to keep. G. L. (Ter. Ed.) c. 90, § 2, as amended; § 30; § 34I, as appearing in St. 1949, c. 571, § 7.   It was not admissible as a public record.   *Commonwealth* v. *Slavski,* 245 Mass. 405, 417.

*Finnegan* v. *Checker Taxi Co.* 300 Mass. 62, 70. *Amory* v. *Commonwealth*, 321 Mass. 240, 252. If it be assumed that the letter was "received back" by mail, there is nothing in the well accepted doctrine of *Connecticut* v. *Bradish*, 14 Mass. 296, 300, see Wigmore, Evidence (3d ed.) § 2153, which will overcome the fatal objections to its admissibility.

The other exception to the exclusion of a question put to an officer of Auto List, Inc., as to what the printed registrations published by that corporation for the year 1949 would show for the name under registration number 225262 discloses no error, one reason being the absence of an offer of proof.

*Exceptions overruled.*